PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# FILED

**JAN 0 7 2018**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

FOR THE _WESTERN_ DISTRICT OF TEXAS

_SAN ANTONIO, TEXAS_ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

_MARK McCOURT LIEBER Jr._
PETITIONER
(Full name of Petitioner)

_T.D.C.J. -ID MICHAEL UNIT_
CURRENT PLACE OF CONFINEMENT

vs.

_01969926_
PRISONER ID NUMBER

# SA19CA0012 FB

_WARDEN CARROL MONROE_
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

_B14155-02_

CASE NUMBER
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition.  A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk.  The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.  The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?**  (Check all that apply)

☑  A judgment of conviction or sentence,   (Answer Questions 1-4, 5-12 & 20-25)
probation or deferred-adjudication probation.

☐  A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)

☐  A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)

☑  Other: _NEWLY DISCOVERED EVID._ (Answer Questions 1-4, 10-11 & 20-25)
_SUBSEQUENT 11.07_

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _198TH JUDICIAL_

_DISTRICT COURT OF KERR COUNTY - KERRVILLE, TEXAS_

2.  Date of judgment of conviction: _NOVEMBER 6, 2014_

3.  Length of sentence: _75 YEARS_

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _DOCKET NO. (UNKNOWN) THEFT_

_OVER 1500.°° LESS THAN 20,000 (ENHANCED)_

–2–

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one) ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one) ☑ Jury      ☐ Judge Only

7. Did you testify at trial? ☐ Yes ☑ No

8. Did you appeal the judgment of conviction? ☑ Yes ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? *4TH COURT OF APPEALS - SAN ANTONIO, TEX.* Cause Number (if known): *UNKOWN*

   What was the result of your direct appeal (affirmed, modified or reversed)? *AFFIRMED*

   What was the date of that decision? *12-30-2015*

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: *NO EVIDENCE OF VALUE, IMPROPER ENHANCE-MENTS (ILLEGAL SENTENCE)*

   Result: *REFUSED TO REVIEW*

   Date of result: *4-13-2016*   Cause Number (if known): *PD-0067-16*

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: *N/A*

   Date of result: *N/A*

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed. ☑ Yes ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: *198TH JUDICIAL DISTRICT COURT (KERR COUNTY)*

    Nature of proceeding: *11.07 WRIT OF HABEAS CORPUS*

    Cause number (if known): *B14155-01 — WR-87,355-01*

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _JULY 7, 2017_

Grounds raised: _INEFFECTIVE ASSISTANCE OF COUNSEL, ISSUES, DIVIDED LOYALTY/CONFLICT OF INTEREST, NO EVIDENCE, ILLEGAL SEN_

Date of final decision: _JANUARY 10, 2018_

What was the decision? _DENIED WITHOUT WRITTEN ORDER of RESPONSE_

Name of court that issued the final decision: _COURT OF CRIMINAL APPEALS OF TEXAS_

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _198TH JUDICIAL DISTRICT COURT OF KERR COUNTY_

Nature of proceeding: _APPOINTMENT OF COUNSEL OF SUBSEQUENT 11.07_

Cause number (if known): _B14155-02_

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
_MAY 25, 2018_

Grounds raised: _TRIAL COUNSELS FAILURE TO CONVEY A PLEA OFFER NEWLY DISCOVERED EVIDENCE_

Date of final decision: _JUNE 7, 2018_

What was the decision? _DENIED_

Name of court that issued the final decision: _198TH JUDICIAL DISTRICT COURT_

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?          ☐ Yes     ☑ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _N/A_

(b)    Give the date and length of the sentence to be served in the future: _N/A_

FILED PETITIONS, APPLICATIONS, or MOTIONS CONTINUED:

3. — MOTION TO PROCEED WITH SUBSEQUENT 11.07 WRIT OF HABEAS CORPUS (ACCOMPANIED WITH) 11.07 WRIT OF HABEAS CORPUS APPLICATION.

DATE SENT 6-20-18

GROUNDS RAISED: NEWLY DISCOVERED EVIDENCE OF A PLEA OFFER NOT CONVEYED TO ME BY TRIAL ATTORNEY. EVIDENCE THAT CAME TO ME BY 1ST 11.07 ATTORNEY RICHARD ELLISON (APPOINTED) AFTER HE WITHDREW AS COUNCIL, AND "AFTER" I'D SENT OFF MY ORIGINAL 11.07. *EVIDENCE THAT WAS NOT AVAILABLE TO ARGUE IN MY ORIGINAL 11.07 (PRO-SE)

DATE OF FINAL DECISION: NOVEMBER 21, 2018

NAME OF COURT THAT ISSUED FINAL DECISION: COURT OF — CRIMINAL APPEALS OF TEXAS

*NOTE: TRIAL COURT 198TH JUDICIAL DISTRICT COURT CONSIDERED AND DENIED THIS SUBSEQUENT 11.07 ON 8-1-18. THEY DELAYED FORWARDING THIS ISSUE TO COURT OF APPEALS ALMOST 3 MONTHS.

— END OF PETITIONS, APPLICATIONS, MOTIONS

*Mark McCourt Seaborn*

(c)     Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?     ☐ Yes     ☐ No   *N/A*

**Parole Revocation:**   *N/A*

13.     Date and location of your parole revocation: _____

14.     Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?     ☐ Yes     ☐ No

        If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**   *N/A*

15.     For your original conviction, was there a finding that you used or exhibited a deadly weapon?
        ☐ Yes     ☐ No

16.     Are you eligible for release on mandatory supervision?     ☐ Yes     ☐ No

17.     Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
        _____

        Disciplinary case number: _____

        What was the nature of the disciplinary charge against you? _____

18.     Date you were found guilty of the disciplinary violation: _____

        Did you lose previously earned good-time days?     ☐ Yes     ☐ No

        If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

        _____

        Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

        _____

        _____

        _____

19.     Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
        ☐ Yes     ☐ No

        If your answer to Question 19 is "Yes," answer the following:

        <u>Step 1</u> Result: _____

-5-

Date of Result: _____

<u>Step 2</u> Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

   <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.   **GROUND ONE:** *COUNSEL FAILED TO CONVEY A FAVORABLE PLEA OFFER PRIOR TO TRIAL - NEWLY DISCOVERED EVIDENCE*

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   *I RECIEVED A COPY OF AN E-MAIL BY APPOINTED 11.07 COUNSEL "AFTER" HE WITHDREW FROM MY CASE, AND "AFTER" I HAD MAILED OF MY 11.07 PRO-SE. THIS WAS RECIEVED AT INSTITUTION 7-19-17. THE E-MAIL SHOWS I WAS OFFERED A 10 YR. DEFERRED PROBATION THAT I TURNED DOWN. THE ONLY OFFER I WAS AWARE OF WAS 25 YRS. SEE EXHIBITS ...*

B.   **GROUND TWO:** *ILLEGAL SENTENCE AND CONVICTION THAT RESULTED IN 75 YEAR SENTENCE*

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   *HAD I BEEN INFORMED OF THIS PLEA OFFER PRIOR TO TRIAL, I WOULD HAVE TAKEN (ACCEPTED) THAT FAVORABLE OFFER ON THIS CHARGE. THEREFORE I WOULD NEVER HAVE GONE TO TRIAL, AND NEVER WOULD HAVE GOTTEN SENTENCED TO A 75 YEAR SENTENCE*

C.     **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D.     **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21.    Relief sought in this petition: *THAT I BE GIVEN THE OPPORTUNITY TO TAKE THE PLEA OFFER MADE BY THE STATE THAT MY TRIAL LAWYER NEVER GAVE ME THE OPPORTUNITY TO TAKE OR CONSIDER. THAT THIS SENTENCE AND CONVICTION BE VACATED AS MY WHOLE DEFENSE WAS SHORT-CIRCUITED BY MY TRIAL COUNSEL'S FAILURE OR REFUSAL TO CONVEY THIS FAVORABLE OFFER MADE BY THE STATE, WHICH LEAD ME TO A VERY HARSH AND EXCESSIVE PUNISHMENT OF A 75 YEAR SENTENCE*

22.    Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☐ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23.    Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☑ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

<u>N/A ——</u>

_____

_____

24.    Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)    At preliminary hearing: *LUCY S. PEARSON – KERRVILLE, TEXAS*

(b)    At arraignment and plea: *LUCY S. PEARSON – KERRVILLE, TEXAS*

(c)    At trial: *LUCY S. PEARSON – PATRICK O'FIEL – KERRVILLE, TEXAS*

(d)    At sentencing: *LUCY S. PEARSON – PATRICK O'FIEL – KERRVILLE, TEX*

(e)    On appeal: *M. PATRICK MACGUIRE – KERRVILLE, TEXAS*

(f)    In any post-conviction proceeding: *RICHARD ELLISON – KERRVILLE, TEXAS – BUT NEVER HELPED OR FILED ANYTHING. WITHDREW AS COUNSEL.*

–8–

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over
        one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
        2244(d) does not bar your petition.[1]

ALTHOUGH THIS E-MAIL WAS SENT AND RECIEVED ON 7-19-17, I DID NOT COME ACROSS THIS E-MAIL UNTIL LATE AUGUST. I BEGUN TO INVESTIGATE THIS ISSUE WHICH CONFUSED AS WELL AS DETERRED ME FROM MY ORIGINAL 11.07 PRO SE, AND THEREFORE HAVE MISSED OUT ON FURTHER APPEAL OF ORIGINAL 11.07. BUT HOWEVER I'VE WROTE TRIAL COUNSEL, DIRECT APPEAL COUNSEL, EVEN STATE PROSECUTOR (SCOTT MONROE) CONCERNING THIS PLEA BARGAIN I WAS NEVER TOLD ABOUT. THERE'S BEEN NO RESPONSE BY THEM. I BEEN DOING EVERYTHING I CAN TO ADDRESS THIS MATTER WITH THE COURTS AND ALL PARTIES CONNECTED TO THIS ISSUE. BUT I'VE BEEN EITHER IGNORED, DELAYED, DENIED, OR DISMISSED HOWEVER WITH EQUITABLE TOLLING OF COURTS RECORDS AND DOCUMENTED FILINGS, I SHOULD BE WITHIN TIMELINESS OF THIS ISSUE

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_DECEMBER 28, 2018_____ (month, day, year).

Executed (signed) on _12-28-2018_____ (date).

_Mark McCourt Lieben Jr._
Signature of Petitioner (required)

Petitioner's current address: 2664 FM 2054 - MICHAEL UNIT
TENNESSEE COLONY, TEXAS 75886

*EXHIBIT A*



**Martindale-Hubbell²**
**Lawyers-Mail.com**

● Help                                                    rellison@richardellisonlaw.com          Logout

| Mail | Address Book | Files | Calendar | RSS | Admin | Settings |

Back    Compose    Reply    Reply all    Forward    Delete    Move    Print    ●Spam    Mark    More

| Inbox | 683 |
|---|---|
| Drafts | |
| Sent Items | |
| Spam | 2 |
| Trash | |

**FW: lieber**                                                              Message 6 of 1749

From    **Scott Monroe** ♟⁺
To      rellison@richardellisonlaw.com ♟⁺
Cc      'Todd Burdick' ♟⁺, 'Theresa A. Thaler' ♟⁺,
        'ATTORNEY Stephen Harpold' ♟⁺
Date    **Today 10:53**

Richard, attached is a copy of a series of emails between Todd and Rosa Lavender, a portion of which pertains to Leiber. Our recollection is that we, at one time, offered 10 years deferred to a 3ʳᵈ degree felony enhanced, but it was turned down. We ALL remember Lucy Pearson wearing us out trying to get this reduced to a State Jail Felony, which we refused to do. We all seem to remember, too, that Patrick and Lucy took the court reporter and had some private conversations with Mr. Leiber, so you might want to inquire of them as to what all was discussed. Please let me know if you have any other questions and I'll try to get them answered.

Scott F. Monroe
District Attorney
198ᵗʰ Judicial District
Kerr and Bandera Counties
402 Clearwater Paseo Ste. 500
Kerrville, Texas 78028
830-315-2460 wk
830-315-2461 fax

**From:** Todd Burdick [mailto:toddb@198da.com]
**Sent:** Wednesday, July 05, 2017 8:29 AM
**To:** ATTORNEY SCOTT MONROE
**Subject:** lieber

Lucy was in and out all the time on him. Above is one plea that was sent out and he was discussed in this email along with another case as I was having Rosa check with the victims. Lucy Pearson was in the office on a regular basis and wanted it brought down to a State Jail. She had discussions with you when she could not get what she wanted from me. She then got Ofiel as co-counsel and I know that you had her put things on the record in private to cover herself and I am sure O'fiel did too.

Rick is going to have to rely on Pearson and Ofiel's Notes and what was sealed on the record.

Terms of Use

EXHIBIT B (1 of 3)

4

```
 1              (In open court, Defendant present with
 2                counsel, outside the presence of the Court,
 3                State's attorneys and venire panel:)
 4              MS. PEARSON:  Could you state your name for
 5     the record, please.
 6              THE DEFENDANT:  Mark Lieber.
 7              MS. PEARSON:  We are here on a case out of
 8     the 198th District Court involving theft of jewelry
 9     from Beverly Valentino; is that correct?
10              THE DEFENDANT:  Yes.
11              MS. PEARSON:  This is Cause No. B14155, the
12     State versus Mark Lieber.  I am the attorney, Lucy
13     Pearson.  I would like to get on the record, Mark,
14     you have been advised that the offer in this case is
15     25 years; is that correct?
16              THE DEFENDANT:  Yes.
17              MS. PEARSON:  And you have rejected that
18     offer; correct?
19              THE DEFENDANT:  Yes.
20              MR. O'FIEL:  My name is Patrick O'Fiel.  I'm
21     going to be sitting cocounsel with Ms. Pearson.
22              Mr. Lieber, this morning prior to us going
23     on this sealed record, I discussed the motion to
24     quash that was filed yesterday; correct?
25              THE DEFENDANT:  Yes.
```

Paula M. Beaver
(830)537-4724

EX- B (2 of 3)

5

1          MR. O'FIEL:  Okay.  And in that motion to

2  quash, we are alleging that they have not alleged the

3  crime specifically enough and we believe that we are

4  entitled to dismiss the indictment.  Do you

5  understand that?

6          THE DEFENDANT:  Yes.

7          MR. O'FIEL:  Okay.  And due to the fact that

8  you want to proceed forward today; right?

9          THE DEFENDANT:  Yes.  I have been in jail

10  too long.  I want to get it resolved.

11          MR. O'FIEL:  Okay.  So at your request and

12  your instruction, you are telling us to withdraw that

13  motion to quash and proceed forward to trial today;

14  correct?

15          THE DEFENDANT:  Yes.

16          MR. O'FIEL:  Okay.  And you understand that

17  we waive any grounds that we have in that motion to

18  quash?

19          THE DEFENDANT:  Yes.

20          MR. O'FIEL:  Okay.  And we have also advised

21  you that, based on your prior criminal record and the

22  offense you are charged with, that your range of

23  punishment is 25 to 99 or life?

24          THE DEFENDANT:  I understand that's what

25  they are telling me.

EX-B   3 of 3

6

1          MR. O'FIEL:  Okay.  Although you disagree

2     with how they are enhancing it?

3          THE DEFENDANT:  Yes, I do disagree.

4          MR. O'FIEL:  We have advised you we believe

5     if you get found guilty as charged and they prove up

6     the prior offenses, that your minimum will be 25 to

7     life?

8          THE DEFENDANT:  I -- yes.  You have let me

9     know that you do believe that.

10          MR. O'FIEL:  Okay.  Knowing all that that we

11     just put on the record, you want to move forward

12     today?

13          THE DEFENDANT:  Yes, sir.

14          MR. O'FIEL:  That's all.

15          (Off the record.)

16               *   *   *   *   *   *   *   *

17

18

19

20

21

22

23

24

25          (PLEASE SEE VOLUME 3.)

Paula M. Beaver
(830)537-4724

*EXHIBIT C (1 OF 3,*

**RICHARD L. ELLISON, P.C.**
*Attorney at Law*
Broadway Bank Bldg.
500 Main St. Suite J
Kerrville. Texas 78028
Phone: (830) 792-5601
Facsimile: (830) 792-5602

*Board Certified in Civil Trial Law,*      E-Mail:    rellison@richardellisonlaw.com
*Personal Injury Trial Law, and*
*Criminal Law by Texas Board of*
*Legal Specialization*

March 27, 2017

TDCJ Inmate # 1969926
Mark McCourt Lieber, Jr.
Michael Unit
2664 FM 2054
Tennesee Colony, TX 75866

**PRIVILEGED ATTORNEY-CLIENT COMMUNICATION**

Re:    Cause B14155 – State of Texas v. Mark McCourt Lieber, Jr. in the 198th Judicial
       District Court of Kerr County Texas

Dear Mr. Lieber –

Lucy Pearson gave me her entire file, which I have reviewed, along with the trial transcript.
I will address your points in the same order listed in your Motion for Appointment of Counsel. I
am enclosing copies of the following: excerpts from trial transcript; Ms. Pearson's time sheets;
excerpt from paper on habeas relief for ineffective assistance of counsel.

1) Legal/Actual Innocence, Definite miscarriage of Justice. Pursuant to article (1) of the
   Texas Constitution Applicant suffers an illegal and unauthorized incarceration, stemming
   from the results of trial counsel's divided loyalty under a mixed question of law, before,
   during and after trial proceedings.
2) Counsel labored under a conflict of interest, where as counsel was expected to defend
   Applicant against his criminal charges and counsel grew up with the State's prosecuting
   attorney, as family.

It is my opinion that this is a non-starter. It is probably not the best thing for a prosecutor to tell a
jury panel that he and the defense lawyer have known each other all their lives (from infancy),
but the fact is this is a small town and everyone knows everyone, and we see each other around
town, at bar meetings, in church and so on. That doesn't mean that we don't zealously represent
our clients.

EX-C (2 OF 3)

Lucy Pearson did a lot of work on your case, and hired good investigators to track down witnesses and explore defenses. You told her inconsistent stories. Her notes say that you told her that the jewelry either belonged to your late wife or an old girlfriend named Mary Alice Hernandez. Ms. Pearson's investigator, Lou Cano, interviewed Hernandez, who denied that you pawned her jewelry – she said "I'm not a jewelry person."

   3) Counsel failed to pursue an impeaching cross-examination or present additional evidence that would in all reasonable probability cast a reasonable doubt on the testimony of the government's witnesses.

The testimony of the owner is enough, standing alone, to support a jury verdict.   I agree that Ms. Pearson should have cross-examined the complainant and probably could have called some of her testimony into doubt. Whether it would have risen to reasonable doubt is pure speculation.

   4) Counsel failed to present available fact witnesses who would have testified that Applicant did not commit the charged offense.

You wrote many letters to Ms. Pearson about trial strategy. The only two fact witnesses you suggested for the guilt/innocence phase were Bob Woodworth and his wife. Ms. Pearson's investigator interviewed Mr. Woodworth, who said he had known you about a year and could testify as to your good character, which he did in the punishment phase

   5) Counsel failed to present exculpatory evidence that was material and factual.

I saw no such evidence or even a reference in your motion or letters. Please tell me what you are referring to here.

   6) Counsel failed to investigate. Counsel had known prior to trial that someone else was in the house other than the Applicant at the time the theft occurred.

Ms. Pearson's investigator's time records show she spent 37 hours investigating. She talked to your ex-boss, ex-girlfriend, Robert Fitch, and the Fitch employee who bought the jewelry. The co-worker in the house with you, Nicholas Carpenter, left the state. The complainant testified that there were two workers in her house – you and Nick Carpenter.

   7) Counsel failed to dismiss the indictment when it failed to list what "JEWELRY" was appropriated by Applicant.

Counsel cannot dismiss an indictment; only the court can do that. Further, the indictment put you on notice of what the State intended to prove.

   8) Counsel failed to object to State's Exhibit 1, when it was not properly authenticated.

Exhibit 1 is a copy of Fitch's receipt with the jewelry. Jason Smith, from Fitch, properly authenticated it. See pp 193-94 of trial record.

2

EX-C (3 OF 3)

I am enclosing an excerpt from a paper by the lawyer at the Court of Criminal Appeals responsible for initial review of all applications for writ based on ineffective assistance of counsel.

it is my opinion that there is not sufficient grounds to overturn your conviction based on ineffectiveness of counsel, I am going to so advise the court in what is called an "Anders Brief." You are certainly welcome to file an application pro se.

Sincerely yours,

Richard L. Ellison

Enclosures

3

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS   FILE COPY
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**10/26/2018**
**LIEBER, MARK MCCOURT Jr.   Tr. Ct. No. B14155-2        WR-87,355-02**
On this day, the application for 11.07 Writ of Habeas Corpus has been received
and presented to the Court.

Deana Williamson, Clerk

DISTRICT CLERK KERR COUNTY
700 MAIN STREET
KERRVILLE, TX 78028
* DELIVERED VIA E-MAIL *

FILED _10/31_ 20 _18_
@ _9:30_ _AM_
ROBBIN BURLEW
District Clerk, Kerr County, TX
By _____ Deputy

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS   FILE COPY
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

10/30/2018   LIEBER, MARK MCCOURT JR.   Tr. Ct. No. B14155-2   WR-87,355-02

On this day a supplemental clerk's record has been received and presented to the Court.

Deana Williamson, Clerk

DISTRICT CLERK KERR COUNTY
700 MAIN STREET
KERRVILLE, TX 78028
* DELIVERED VIA E-MAIL *

FILED ____10/31____ 20 18
@ 9:20 A M
ROBBIN BURLEW
District Clerk, Kerr County, TX
By _____ Deputy

CAUSE NO.  B14-155

EX PARTE                                    )(        IN THE DISTRICT COURT
                                            )(
MARK McCOURT LIEBER, JR        )(        198TH JUDICIAL DISTRICT
                                            )(
                                            )(        KERR COUNTY, TEXAS


## ORDER DENYING APPLICANT'S MOTION TO PROCEED WITH REQUEST FOR SUBSEQUENT WRIT OF HABEAS CORPUS


The Trial Court, upon receipt of Applicant, Mark McCourt Lieber, Jr's., Motion to Proceed with Request for Subsequent Writ of Habeas Corpus, considered Applicant's application and supporting documents provided.

The Court hereby DENIES said Application.


SIGNED this ___ day of _____, 2018.



M. REX EMERSON
198th District Judge


FILED 8-1 20 18
@ 4:25 P M
ROBBIN BURLEW
District Clerk, Kerr County, TX
By _____ Deputy

Scott Monroe
Mark Lieber, Jr.

8/3/18

APPLICATION FOR COUNSEL AND ORDER APPOINTING COUNSEL CCP-1.051
CAUSE NO. B14-155

THE STATE OF TEXAS )(  IN THE DISTRICT COURT
VS. )(  198TH JUDICIAL DISTRICT
MARK MCCOURT LIEBER JR. )(  KERR COUNTY TEXAS
)(  HONORABLE REX EMERSON,
PRESIDING

COMES NOW THE DEFENDANT HEREIN AND STATES TO THE
COURT UPON HIS OATH THAT HE IS TOO POOR TO EMPLOY COUNSEL,
AND REQUEST THAT THE COURT APPOINT COUNSEL FOR HIM.
SEE ATTACHED AFFIDAVIT:

_Mark McCourt Lieber Jr._
DEFENDANT

FILED 6 7 20 18
@ 8 A M
ROBBIN BURLEW
District Clerk, Kerr County, TX
By_____ Deputy

ORDER APPOINTING ~~COUNSEL~~
GRANTED / DENIED

UPON DETERMINATION BY THE COURT THAT THIS DEFENDANT IS
TOO POOR TO EMPLOY COUNSEL_____, A
PRACTICING ATTORNEY OF THIS COURT IS APPOINTED TO DEFEND
THE DEFENDANT
DATED THIS THE ___6___ DAY OF __Jn___ 20 18.

ADDRESS OF ATTORNEY
_____          _____
                                 JUDGE, 198TH JUDICIAL DISTRICT

PHONE:_____
FAX:_____
COPY: ATTORNEY AND DEFENDANT

No. B14-155

EX PARTE

MARK McCOURT LIEBER JR.

§  IN THE DISTRICT COURT
§  198TH JUDICIAL DISTRICT
§  KERR COUNTY, TEXAS

## APPLICANT'S MOTION FOR APPOINTMENT OF HABEAS COUNSEL

NOW COMES MARK McCOURT LIEBER JR., APPLICANT, PRO SE AND INFORMA PAUPERIS, IN THE ABOVE STYLED AND NUMBERED CAUSE, AND MOVES THIS COURT TO APPOINT COUNSEL TO REPRESENT APPLICANT IN PERFECTING AN APPLICATION FOR WRIT OF HABEAS CORPUS UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07. IN SUPPORT OF THIS MOTION, AND FOR GOOD CAUSE, APPLICANT SUBMITS TO THE COURT THE FOLLOWING

### JURISDICTION

APPLICANT SEEKS APPOINTMENT OF COUNSEL IN THIS COURT PUR- SUANT TO TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLES 11.07 AND 1.05 (d) (3), WHICH PROVIDE THIS COURT WITH JURISDICTION OVER THE PARTIES AND SUBJECT MATTER, WHEREAS APPLICANT WAS CONVICTED IN THIS COURT IN CAUSE No. B14-155 ON NOVEMBER 6, 2014.

### AUTHORITY

ARTICLE 1.051 (c) ENTITLES AN INDIGENT DEFENDANT TO HAVE COUNSEL APPOINTED "IN ANY ADVERSARY JUDICIAL PROCEEDING THAT MAY RESULT IN PUNISHMENT BY CONFINEMENT [.]" A POST-CONVICTION HABEAS PROCEEDING UNDER ARTICLE 11.07 IS NOT AN ADVERSARY JUDICIAL PROCEEDING THAT MAY RESULT IN PUNISHMENT BY CON- FINEMENT; INDEED, IT IS SOMEWHAT THE OPPOSITE OF SUCH PRO- CEEDING AS THE SUCCESSFUL HABEAS APPLICANT COULD FIND

APPOINTMENT OF COUNSEL 1

HIMSELF RELEASED FROM CONFINEMENT.

THE PORTION OF ARTICLE 1.051 PERMITTING APPOINTMENT OF COUNSEL IN POST-CONVICTION HABEAS PROCEEDING READS, "IF THE COURT CONCLUDES THAT THE INTERESTS OF JUSTICE REQUIRE RE-PRESENTATION," CLEARLY, THIS LANGUAGE LEAVES APPOINTMENT OF COUNSEL ENTIRELY TO THE DISCRETION OF THE TRIAL COURT. SEE ARTICLE 1.051 (d)(3).

IF THE TRIAL COURT CONCLUDES THAT APPLICANT HAS A COLORABLE CLAIM, ITS THE HABEAS COURTS STATUTORY OBLIGATION TO APPOINT POST-CONVICTION COUNSEL TO AN INDIGENT PRO SE HABEAS APPLICANT. SE EX PARTE POINTER, Nos. WR-84, 786-01 & WR-84, 786-02 WL 3193254 (TEX. CRIM. APP. JUNE 8, 2016) (ALCALA, J., CONCURRING) (CITING TEX. CODE CRIM. PROC. ART. 1.051 (d)(3).

THE UNITED STATES SUPREME COURT HELD THAT IN THE IN-TERESTS OF JUSTICE WARRANT THE APPOINTMENT OF COUNSEL FOR THE "PURPOSE OF REPRESENTING THE APPLICANT IN A 'MEAN-INGFUL COLLATERAL REVIEW AND ADJUDICATION ON THE MERITS'" SEE MARTINEZ V. RYAN, 566 U.S. 1, 132 S. Ct. 1309 (2012); TREVINO V. THALER, 569 U.S. 1911 (2013).

IT IS HIGHLY UNLIKELY IN A TYPICAL TEXAS CASE THAT AN APPLICANT WILL HAVE A MEANINGFUL OPPORTUNITY TO RAISE A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL THEREFORE, THE FIRST TIME THAT INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IS RAISED IS IN A POST-CONVICTION PROCEED-ING." (11.07) WRIT OF HABEAS CORPUS."

---

APPOINTMENT OF COUNSEL 2

TEXAS'S PROCEEDURAL DESIGN NEVER AFFORDS AN APPLICANT A "MEANINGFUL OPPORTUNITY" TO RAISE HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, WITH THE AID OF APPOINTED COUNSEL, WHERE APPLICANTS CLAIM WILL BE PROPERLY INTRODUCED. INSTEAD TEXAS'S FRAMEWORK WILL FORCE AN UNEDUCATED LAYMAN TO ARGUE HIS CLAIMS IN A STATE WRIT, PRO SE. THIS WILL ALMOST INSURE THE COURT ISSUES A DENIAL WITH THE FAMOUS "WHITE CARD" BEING SENT TO THE APPLICANT.

THE UNITED STATES CONSTITUTION DOES NOT PROVIDE A RIGHT TO COUNSEL IN A STATE HABEAS CORPUS PROCEEDING. EX. PARTE, MINES, 26 S.W. 3d 910, 912 0913 (TEX. CRIM. APP. 2000). HOW--EVER, THE SIXTH AMENDMENT GUARANTEES DEFENDANTS EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND "ON APPEAL" U.S. CONST. AMEND. $\text{II}$. AN APPEAL IS DERIVED FROM THE CONVICTION, IF TEXAS'S DESIGN MOVES INEFFECTIVE ASSISTANCE CLAIMS TO A COLLATERAL PROCEEDING (11.07), THEN HABEAS COUNSEL SHOULD BE APPOINTED. IBARRA V. STEPHENS, 713 F. 3d 599 (*5TH CIR. 2013)

### ABUSE OF WRIT

IN MARTINEZ AND TREVINO, THE COURT HELD, "THE SIGNIFICANT UNFAIRNESS" OF THE COURT OF CRIMINAL APPEALS DENIAL OF APPLICANTS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, RAISED IN HIS INITIAL REVIEW, COLLATERAL PROCEEDING WITHOUT THE AID OF A SKILLED ATTORNEY, WILL NOT SECURE AS A RELIABLY VALID "DISPOSITION OF MERITS"

APPOINTMENT OF COUNSEL 3

* MARTINEZ V. RYAN, 566 U.S. 1, 132 S. Ct. 1309 (2012)
* TREVINO V. THALER, 569 U.S. 1911 (2013)

THE PRESENTMENT OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN A COLLATERAL PROCEEDING, WITH THE AID OF AN APPOINTED ATTORNEY, WOULD NOT BE BARRED BY SECTION 4 OF ARTICLE 11.07, NOR A FEDERAL HABEAS CORPUS. SEE MARTINEZ.

"[A] PROCEDURAL DEFAULT WILL NOT BAR A FEDERAL HABEAS COURT FROM HEARING A SUBSTANTIAL CLAIM IF INEFFECTIVE ASSISTANCE AT TRIAL IF, IN THE INITIAL-REVIEW COLLATERAL PROCEEDING, THERE WAS NO COUNSEL OR COUNSEL IN THAT PROCEEDING WAS 'INEFFECTIVE.'" 566 U.S., (SLIP OP., AT 15)

IN THE INTERESTS OF JUSTICE

WHERE, AS HERE, THE INITIAL-REVIEW COLLATERAL PROCEEDING IS THE FIRST DESIGNATED PROCEEDING FOR APPLICANT TO RAISE CLAIM OF INEFFECTIVE ASSISTANCE AT TRIAL, THE COLLATERAL PRO-CEEDING IS IN MANY WAYS THE EQUIVALENT OF APPLICANT'S DIRECT APPEAL AS TO THE INEFFECTIVE-ASSISTANCE CLAIMS. MARTINEZ V. RYAN, 132 S. Ct. 1309, 1317 (2012). WITHOUT THE HELP OF AN ADEQUATE ATTORNEY, APPLICANT WILL HAVE SIMILAR DIFFICULTIES VINDICATING A SUBSTANTIAL IN-EFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIM. ID. BY DE-LIBERATELY CHOOSING TO MOVE TRIAL-INEFFECTIVENESS CLAIMS OUT-SIDE OF THE DIRECT APPEAL PROCESS, WHERE COUNSEL IS CONSTITUTIONALLY GUARANTEED, THE STATE SIGNIFICANTLY DIMINISHES APPLICANT'S ABILITY TO FILE SUCH CLAIMS ID. AT 1318; SEE ALSO TREVINO V. THALER, 569 U.S. 1611 (2013)(THE RECOGNIZED EXCEPTION IN MARTINEZ APPLIES TO TEXAS); EX PARTE POINTER, WR-84, 786-01, 02 WL 3193254 (TEX. CRIM. APP. 2016)

APPLICANT CONTENDS THAT HIS TRIAL COUNSEL'S PERFORMANCE

APPOINTMENT OF COUNSEL 4

"FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS" AND TRIAL COUNSEL'S DEFICIENT PERFORMANCE PREJUDICED APPLICANT, RESULTING IN AN UNRELIABLE OR FUNDAMENTALLY UNFAIR OUTCOME IN THE TRIAL PROCEEDING. SEE STRICKLAND V. WASHINGTON, 466 U.S. 668, 687-88, 691-92 (1984).

APPLICANT ASSERTS THAT HIS TRIAL COUNSEL LUCY SANDRIDGE PEARSON WAS INEFFECTIVE BASED ON THE FOLLOWING ACTS AND OMISSIONS:

[1.] INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSELOR'S FAILURE TO COMMUNICATE AND/OR RELAY A PLEA BARGAIN OFFER OF 10 YEAR DEFERRED ADJUDICATED PROBATION, MADE BY THE STATE, A VIOLATION OF APPLICANTS SIXTH AMEND-
-MENT RIGHTS

ARGUMENTS AND AUTHORITIES

LEGAL CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO PLEA BARGAIN:

UNDER THE FIRST PRONG OF STRICKLAND, "ONE OF THE MOST IMPORTANT DUTIES OF AN ATTORNEY REPRESENTING A CRIMINAL DEFENDANT, IS ADVISING THE DEFENDANT ABOUT WHETHER OR NOT HE SHOULD PLEAD GUILTY." UNITED STATES V. HERRERA, 412 F. 3d 577, 580 (5TH CIR. 2005). AN ATTORNEY WHO DOES NOT FULLFILL THIS DUTY SATIFIES THE FIRST PRONG OF STRICKLAND FOR INEFFECTIVE ASSISTANCE. SEE id. "AN ATTORNEY FULL-
-FILLS THIS OBLIGATION BY INFORMING THE DEFENDANT ABOUT THE RELEVANT CIRCUMSTANCES AND UNLIKELY CONSEQUENCES OF A PLEA." SINCE A DEFENDANT CANNOT MAKE AN INTELLIGENT

CHOICE ABOUT WHETHER TO ACCEPT A PLEA OFFER UNLESS HE FULLY UNDERSTANDS THE RISK OF PROCEEDING TO TRIAL." AN ATTORNEY WHO FAILS TO INFORM AN APPLICANT OF THE RELEVANT CIRCUM--STANCES AND CONSEQUENCES OF A PLEA, AND THE RISK OF PRO-CEEDING TO TRIAL, FALLS BELOW THE OBJECTIVE STANDARD OF REASONABLENESS SET FORTH BY STRICKLAND.

THE COURT OF CRIMINAL APPEALS HAS STATED THAT IN THE CASES WHERE AN APPELLANT IS DEPRIVED OF THE ABILITY TO ACCEPT A PLEA OFFER BECAUSE OF HIS COUNSELOR'S FAILURE TO RELAY AND/OR COMMUNICATE ANY AND ALL AVAILABLE PLEA OFFERS (INEFFECTIVE ASSISTANCE), THE PROPER REMEDY (SP) IS TO REVERSE THE TRIAL COURTS JUDGEMENT AND REMAND THE CAUSE WITH ORDERS TO REQUIRE THE STATE TO RE-INSTATE THE PLEA OFFER AS IT EXISTED PRIOR TO THE SIXTH AMENDMENT VIOLATION, AND ALLOW THE APPELLANT TO RE-PLEA TO THE INDICT-MENT. SEE LEMKE V. STATE, 13 S.W. 2d 791 (TEX. CRIM. APP. 2000)

THE "DEFENSE FUNCTION" REFERRED TO BY THE U.S. SUPREME COURT IN STRICKLAND CONTAINS STANDARDS OF CONDUCT FOR DEFENSE ATTORNEYS, AND SET FORTH STAN--DARDS PERTAINING TO PLEA BARGAINS:

IN CONDUCTING DISCUSSIONS WITH THE PROSECUTOR, THE LAWYER SHOULD KEEP THE ACCUSED ADVISED OF DEVEL-OPEMENTS AT ALL TIMES, AND ALL PROPOSALS MADE BY THE PROSECUTOR SHOULD BE COMMUNICATED PROMPTLY TO THE

ACCUSED. (1) STANDARDS FOR CRIMINAL JUSTICE, STANDARD 4-6.2 PROVIDES:

\* BECAUSE PLEA DISCUSSIONS ARE USUALLY HELD WITHOUT THE ACCUSED BEING PRESENT, THE LAWYER HAS THE DUTY TO COMMUNICATE FULLY TO THE CLIENT THE SUBSTANCE OF THE DISCUSSION. IT IS IMPORTANT THAT THE ACCUSED BE INFORMED OF ANY AND ALL PROPOSALS MADE BY THE PROSECUTOR, THE ACCUSED "NOT" THE LAWYER, HAS THE RIGHT TO DECIDE ON PROSECUTION PROPOSALS, EVEN IF THE PROPOSAL IS ONE THAT THE LAWYER WOULD NOT APPROVE. IF THE ACCUSED'S CHOICE ON THE QUESTION OF GUILTY PLEA IS TO BE AN INFORMED ONE, THE ACCUSED MUST SET WITH FULL AWARENESS OF THE ALTERNATIVES, INCLUDING WHAT ARISES FROM PROPOSALS MADE BY THE PROSECUTOR.

COURTS THAT HAVE CONSIDERED THE ISSUE, GENERALLY AGREE THAT A DEFENDANT HAS A RIGHT TO BE INFORMED ABOUT PLEA BARGAIN OFFERS AS PART OF HIS PARTICI-PATION IN THE DECISION-MAKING PROCESS SURROUNDING HIS DEFENSE. UNITED STATES EX. REL. CARUSO V. ZELINSKY SUPRA; ELMORE V. STATE, 285 ARK. 42, 684 S.W. 2d. 263 (1985); HANZELKA V. STATE, 682 S.W. 2d. 385 (TEX. APP.-AUSTIN 1984); HARRIS V. STATE, 437 N. Ed. 2d. 44 (IND. 1982); CURL V. STATE 272 IND. 605, 400 N.E. 2d. 775 (1980); LYLES V. STATE 178 IND. APP. 398 N.E. 2d. 991 (1978); STATE V. SIMMONS, 65 N.C. APP. 294, 309 S.E. 2d. 493 (1983); PEOPLE V. WHITFIELD, 40 ILL. 2d. 308, 239 N.E. 2d. 850 (1969); CF. JOHNSON V. DUCKWORTH, 793 F 2d. 9898 (7ᵀᴴ CIR. 1986)

APPOINTMENT OF COUNSEL   7

FAILURE OF DEFENSE COUNSEL TO INFORM A CRIMINAL DEFENDANT OF A PLEA OFFER MADE BY THE STATE, IS AN OMISSION THAT FALLS BELOW AN OBJECTIVE STANDARD OF PROFESSIONAL REASONABLENESS. Id. 73, 74 [STRICKLAND]. FAILURE OF COUNSEL TO ADVISE DEFEND- -ANT OF PLEA BARGAIN OFFER BY GOVERNMENT CONSTITUTES "GROSS DEVIATION FROM ACCEPTABLE PROFESSIONAL STANDARDS." ALSO SEE U.S. V. BLAYLOCK 20 F.3d. 1458, 1466 (9TH CIR. 1996).

THE FIFTH CIR. IN BECKHAM V. WAINWRIGHT, 639 F.2d. 262 (5TH CIR. 1981) HELD THAT ALTHOUGH AN ATTORNEY NEED NOT "OB- -TAIN DEFENDANTS CONSENT TO EVERY TRIAL DECISION. "WHERE THE ISSUE IS WHETHER TO ADVISE THE CLIENT TO PLEAD OR NOT, THE ATTORNEY HAS THE DUTY TO ADVISE THE DEFEND- -ANT OF THE AVAILABLE OPTIONS, AND POSSIBLE CONSEQUENCES", AND FAILURE TO DO SO CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL. Id. @ 267.

AN ACCUSED IS ENTITLED TO EFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA BARGAIN PROCESS. RANDELL V. STATE, 847 S.W. 2d. 576, 580 (TEX. CRIM. APP. 1993). A DEFENDANT HAS A RIGHT TO BE INFORMED ABOUT THE PLEA BARGAIN OFFERS AS PART OF HIS PARTICIPATION IN THE DECISION- MAKING PROCESS SURROUNDING HIS DEFENSE. EX PARTE WILSON 724 S.W. 2d. 72-74 (TEX. CRIM. APP. 1987)

### DISCOVERY

WHILE CONFINED IN PRISON, APPLICANT IS IN NO POSITION TO DEVELOPE THE EVIDENTIARY BASIS FOR A CLAIM OF INEFFECT- -IVE ASSISTANCE, WHICH OFTEN TURNS ON EVIDENCE OUTSIDE THE TRIAL RECORD. MARTINEZ, 132 S.Ct. AT 1317.

APPOINTMENT OF COUNSEL **8**

As the Court of Criminal Appeals of Texas itself has pointed out: "the inherent nature of most ineffective assistance" of trial counsel "claims" means that the trial court record will often fail to contain the information necessary to substantiate" the claim. Ex Parte Torres, 943 S.W. 2d. 469, 475 (Tex. Crim. App. 1997) (en banc). Thus, "a writ of habeas corpus" issued in state collateral proceedings ordinarily "is essential to gathering the facts necessary to ... evaluate ... [ineffective-assistance-of-trial-counsel] claims." See also Trevino, 569 U.S. at 1911.

The Texas Public Information Act does not require a governmental body [i.e. a District and County Attorney, a law enforcement agency, and Child Protective Services] to comply with request for information from:

* An individual who is imprisoned or confined in a correctional facility; or

* An agent of the individual, other than the individual's attorney - - when the attorney is seeking information that is subject to dis- - closure under Chapter 552 of the Texas Government Code.

See Tex. Gov't Code § 552.028 (a) of the Act

The foregoing statute severely hampers applicant's ability to discover information and evidence that is exculpatory, material, ad- - missable, in the possession of the state and its

APPOINTMENT OF COUNSEL 9

AGENTS, AND UNKNOWN APPLICANT. THEREFORE, THE APPOINTMENT OF COUNSEL IS NECESSARY FOR FAIR AND EFFECTIVE DISCOVERY.

REQUEST FOR JUDICIAL NOTICE

THE RECORD HOLDS, APPLICANT IS UNABLE TO REPRODUCE OR OTHERWISE PROVIDE THIS HONORABLE COURT WITH ANY PART OF THE COURT REPORTER'S NOTES, CLERK'S RECORDS, DISTRICT OR COUNTY ATTORNEY'S FILE, PERTAINING TO THE CRIMINAL PROCEEDINGS IN CAUSE No. 814-155. APPLICANT REQUESTS THIS COURT TO TAKE JUDICIAL NOTICE, PURSUANT TO RULE 201 OF THE TEXAS RULES OF EVIDENCE, AS SUCH RECORDS MAY BECOME NECESSARY TO THE PROPER DISPOSITION OF APPLICANT'S CURRENT CLAIMS SUBMITTED IN THIS MOTION. SEE HAINES V. KERNER, 404 U.S. 519, 30 L.ED. 2d 652, 92 S.Ct. 594 (1972).

I DO HOWEVER HAVE DOCUMENTED EVIDENCE LISTED AS EXIBITS FROM D.A.'s OFFICE, COURT RECORD TRANSCRIPTS, AND 11.07 LAWYER (APPOINTED) LETTER'S FROM RICHARD ELLISON WHO FAILED AND/OR REFUSED TO REPRESENT ME. HE VAGUELY HINTED TO A PLEA I MAY NOT HAVE BEEN AWARE, THAT COULD BE GROUNDS FOR RELIEF. HE SENT THE E-MAIL OF THE OFFER "AFTER" HE WITHDREW AS MY ATTORNEY, AND "AFTER" I FILED MY 11.07 WITH THE COURTS. MAKING THIS NEWLY DISCOVERED EVIDENCE AND/OR INFORMATION, WHICH BRINGS A WHOLE NEW LIGHT TO MY 11.07 (1ST) OF INEFFECTIVE ASSISTANCE OF COUNSEL. PLEASE SEE EXHIBITS AND LETTERS ENCLOSED WITH THIS MOTION AS THEY CLEARLY SHOW I HAVE MERIT TO THIS ISSUE.

### Conclusion

APPLICANT IS AN ELIGIBLE INDIGENT DEFENDANT WHO, IN THE INTEREST OF JUSTICE, IS ENTITLED TO HAVE AN ATTORNEY APPOINTED TO REPRESENT HIM IN PERFECTING AN APPLICATION FOR WRIT OF HABEAS CORPUS (SUBSEQUENT) UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07.

### Prayer

WHEREFORE, PREMISES CONSIDERED, APPLICANT MARK McCOURT LIEBER JR. RESPECTFULLY PRAYS THAT THIS COURT FINDS THAT HE IS STILL INDIGENT, AND THAT THE COURT CONCLUDES THAT THE INTEREST OF JUSTICE REQUIRE RE-PRESENTATION. APPLICANT PRAYS THAT COUNSEL BE APP-OINTED TO REPRESENT HIM IN PERFECTING HIS APPLICATION FOR WRIT OF HABEAS CORPUS, AND MEMORANDUM, OF LAW

THIS APPLICANT HAS NO BUSINESS PLAYING ATTORNEY AND FILING WRIT'S WITH LITTLE OR NO UNDERSTANDING OF THE LAW, IN A SYSTEM THAT IS DESIGNED FOR CORRECTNESS.

_____
DATE

RESPECTFULLY SUBMITTED

_____
MARK McCOURT LIEBER JR.
TDCJ# 01969926
MICHAEL UNIT
2664 FM 2054
TENNESSEE COLONY, TEXAS
                75886

_____
APPOINTMENT OF COUNSEL 11

FILED ___7-2___ 2018
@ __11:00__ A M
**ROBBIN BURLEW**
District Clerk, Kerr County, TX
By _Barbara Hardesty_ Deputy

EX PARTE                    No. 314-155

                              § IN THE DISTRICT COURT

MARK McCOURT LIEBER JR.       § 198TH JUDICIAL DISTRICT

                              § KERR COUNTY, TEXAS


### MOTION TO FILE SUBSEQUENT 11.07 WRIT OF HABEAS CORPUS DUE TO NEWLY DISCOVERED EVIDENCE AND/OR INFORMATION THAT WAS NOT KNOWN TO ME AT FIRST FILING


NOW COMES MARK McCOURT LIEBER JR. PRO SE IN THE ABOVE STYLED AND NUMBERED CAUSE, AND RESPECTFULLY ASKED THE COURT'S PERMISSON TO FILE SUBSEQUENT 11.07 OF INEFFECTIVE ASSISTANCE OF COUNSEL, "FAILURE TO CONVEY A PLEA OFFER TO ME (DEFENDANT), PRIOR TO TRIAL". THIS INFORMATION AND KNOWLEDGE CAME TO ME BY APPOINTED 11.07 RICHARD ELLISON "AFTER" I HAD FILED MY 11.07 PRO SE DUE TO MR. ELLISON'S FAIL-URE AND/OR REFUSAL TO ASSIST ME, AS HE WAS APPOINTED TO DO. I HAVE EVIDENCE THAT THIS WAS INEFFECTIVE ASSISTANCE OF COUNSEL NOT ONLY IN THE PLEA BAR-GAINING FAZE PRIOR TO TRIAL BY TRIAL COUNSEL, BUT ALSO BY 2ND APPEAL 11.07 COUNSEL RICHARD ELLISON (APPOINTED). AND THIS ALL BECAME KNOWN TO ME SOON AFTER MAILING OFF 1ST 11.07 WRIT OF HABEAS CORPUS, WHICH WAS SUGGESTED I DO PRO SE BY MR. ELLISON, AS HE WAS FILING AN ANDER'S BRIEF.
AUTHORITY

Pg.1] CCP ART. 11.07 - SECT. 4 (a) IF A SUBSEQUENT

APPLICATION FOR WRIT OF HABEAS CORPUS IS FILED AFTER FINAL DISPOSITION OF AN INITIAL APPLICATION CHALLEN--GING THE SAME CONVICTION, A COURT MAY NOT CONSIDER THE MERITS OR GRANT RELIEF BASED ON THE SUBSEQUENT APPLICATION UNLESS THE APPLICATION CONTAINS SUFF--ICIENT FACTS ESTABLISHING THAT;

(1) THE CURRENT CLAIMS AND ISSUES HAVE NOT BEEN, AND COULD NOT HAVE BEEN PRESENTED PREVIOUSLY IN AN ORIGINAL APPLICATION, OR IN A PREVIOUSLY CON--SIDERED APPLICATION FILED UNDER THIS ARTICLE, BECAUSE THE FACTUAL OR LEGAL BASIS FOR THE CLAIM WAS UNAVAILABLE ON THE DATE THE APPLICANT FILED THE PREVIOUS APPLICATION.

WHERE THE DEFENDANT WAS NOT AWARE OF PLEA OFFERS WHICH HAD NOT BEEN CONVEYED TO HIM UNTIL AFTER THE DISPOSITION OF HIS INITIAL PETITION UNDER TEX. CODE CRIM. PROCEDURE ART. 11.07, HIS SUBSEQUENT PETITION WAS NOT BARRED. [EX. PARTE LEMKE, 13 S.W. 3d 791 (TX. CR. APP. 2000)

BURGER V. ZANT 984 F. 2d 1129 (11TH CIR. 1983) A PETITIONER MAY SATISFY THIS BURDEN (SHOWING THAT HE DID NOT DELIBERTLY ABANDON THE CLAIM, THAT HIS FAILURE TO RAISE IT WAS NOT DUE TO INEXCUSABLE NEGLECT McCLESKEY V. KEMP 890 F. 2d 342, 347 (11TH CIR. 1989) AND THAT ... [HE] HAD SOME JUSTIFIABLE REASON FOR OMITTING THE CLAIM IN THE EARLIER WRIT JOHNSON V. DUGGER, 911 F. 2d 440, 478 (11TH CIR. 1990) FOR EXAMPLE; BY (1) SHOWING THAT THERE IS NEWLY

DISCOVERED EVIDENCE THAT WAS NOT AVAILABLE AT THE TIME OF THE ORIGINAL FILING. Id.

### CONCLUSION

I HAVE NEWLY DISCOVERED EVIDENCE OF A VERY SERIOUS AND HARMFUL ISSUE OF COUNSEL'S FAILURE TO RELAY A FAVORABLE PLEA OFFER PRIOR TO MY TRIAL. AN OFFER I WOULD HAVE TAKEN HAD I KNOW OF IT'S EXISTANCE AND/OR AVAILABILITY. A SIXTH AMENDMENT VIOLATION THAT SHORT-CIRCUITED MY DEFENSE, AND OUTCOME, THAT RESULTED IN A '75 YR. SENTENCE. I HAVE ALREADY SENT THE COURTS SOME EVIDENCE AND OTHER DOCUMENTATION SHOWING THERE IS MERIT TO MY CLAIM AND NEED OF BEING ALLOWED TO SUBMIT A SUBSEQUENT 11.07 (2ND WRIT) OF THIS VERY SERIOUS INJUSTICE, AND PREJUDICED OUTCOME I'VE BEEN SUBJECTED TO. THIS WAS IN MY MOTION FOR APPOINTMENT OF COUNSEL THAT WAS RECIEVED BY THE COURT 5-29-18 (DENIED). THE COURT KEPT ALL DOCUMENTS AND EXHIBITS WHICH WERE ONLY COPIES. SO THE COURT SEE'S THERE IS MERIT AND NEED FOR 2ND 11.07 WRIT TO ADDRESS THIS ISSUE. I HAVE PLENTY OF COPIES AND INFORMATION TO PRESENT MY CLAIM.

### PRAYER

WHEREFORE PREMISES CONSIDERED, APPLICANT MARK McCOURT LIEBER JR. PRO SE RESPECTFULLY PRAYS THAT THIS COURT FINDS THERE IS GOOD CAUSE TO GRANT PERMISSION TO FILE SUBSEQUENT 11.07 WRIT OF HABEAS CORPUS. THAT IN THE INTEREST OF JUSTICE CALLS FOR

THIS ISSUE TO BE HEARD. PLEASE TAKE INTO CONSIDERATION THAT I'M MERELY A LAYMAN OF LAW, AND ALTHOUGH MY MOTIONS AND WRIT'S MAY NOT BE POLITICALLY CORRECT OR OUTLINED PROPERLY, I HAVE NO CHOICE BUT TO PRESENT MY ISSUES AND CONCERNS, AND HOPES FOR RELIEF TO THE COURTS AND YOUR HONOR, THE BEST I KNOW HOW PRO SE.

DATE: 6-26-18

RESPECTFULLY SUBMITTED

Mark McCourt Lieber Jr.

MARK McCOURT LIEBER Jr. PRO SE

T.D.C.J. #01969926

MICHAEL UNIT

2664 FM 2054

TENNESSEE COLONY, TEXAS

75886

Pg. 4]

## CERTIFICATE OF SERVICE

I MARK McCOURT LIEBER JR., APPLICANT, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION TO PROCEED W/PERMISSION A SUBSEQUENT 11.07 WRIT OF HABEAS CORPUS WILL BE SERVED BY PLACING SAME IN THE UNITED STATES MAIL ON THE 26 DAY OF JUNE 2018, ADDRESSED TO:

CLERK OF 198TH JUDICIAL
DISTRICT COURT, KERR CO.
KERR COUNTY COURTHOUSE
700 MAIN ST.
KERRVILLE, TEXAS 78028

I AM ALSO ENCLOSING A SELF ADDRESSED ENVELOPE FOR CONFIRMATION THIS MOTION WAS RECIEVED AND FILED WITH THE COURT. THANK YOU SO MUCH FOR YOUR TIME AND ATTENTION TO THIS MATTER. SINCERELY –

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING MOTION IS TRUE AND CORRECT

*Mark McCourt Lieber*
MARK McCOURT LIEBER JR.
APPLICANT

5-15-17

Honorable Judge Rex Emerson
198th Judicial District Court
Kerr County Courthouse
700 Main St.
Kerrville, Texas 78028

Mark McCourt Lieber Jr.
TDCJ-ID  Michael Unit
#1969926
2664 FM 2054
Tennessee Colony, Tx.
75886

Cause No. B-14-155
In Ref: 2nd Appeal Appointed Counsel

I.

Your Honor,

I respectfully ask the court to withdraw Mr. Richard Ellison from representing me on my 2nd appeal of 11.07 writ of Habeas. Mr. Ellison has made it clear in his recent letter to me that he has no intentions of filing a writ of Habeas in my behalf. He has had my case for over 8 months, and after delaying my appeals process for that period of time has stated (in his opinion) that I have no grounds, claims, errors, or issues for an 11.07 writ of Habeas Corpus. And based on his opinion that he feels Ms. Pearson did "alot" for me, he plans to file an Anders brief.

Your Honor I am going to do my best to file my own 11.07. Due to divided loyalty conflict of interest, and fair representation of counsel.

## II.

ITS MY HOPES THAT DUE TO MR. ELLISON STONEWALLING MY 2ND APPEAL (WHERE TIMELINES ARE A FACTOR,) THAT THE COURT WILL RECORD THAT I WAS APPOINTED COUNSEL ON 08-31-2016 TO DATE OF, AND THAT ALOT OF TIME WAS WASTED IN ME CONTINUING MY APPEAL WHEN MR. ELLISON ADVISED ME BY LETTER OF HIS OPINION AND INTENTIONS. ITS NECCESARY THAT I DO AN 11.07, IF I'M DENIED MY WRIT GRANTED, I THEN TAKE IT TO A 2254, BUT I CANNOT DO THIS WITHOUT FILING AN 11.07. MR. ELLISON HAS BASICALLY DENIED ME DUE PROCESS BY NOT FILING MY 11.07 AS THE COURT HAS APPOINTED HIM TO DO. I HAVE HIS LETTER STATING ALL THIS AND SIDING WITH MS. PEARSON I'VE WROTE THE BAR REQUESTING PAPERWORK TO FILE A GRIEVANCE ON MR. ELLISON. I HAVE NOT RESPONDED BACK TO RICHARD ELLISON AT ALL.

I PRAY THAT THE COURT WILL BAR MR. ELLISON FROM DOING ANY FURTHER HARM OR ERROR TO MY 2ND APPEAL OF 11.07 WRIT OF HABEAS CORPUS. AND THAT THE COURT NOTE THAT I WILL BE FILING AN 11.07 WRIT OF HABEAS CORPUS PRO SE IN THE VERY NEAR FUTURE.

THANK YOU FOR YOUR TIME AND ATTENTION TO THIS MATTER.

SINCERELY AND
RESPECTFULLY,

Mark M. Fisher
#1969926 TDCJ-ID
MICHAEL UNIT

CC. FILE:

FILED ____8·23__ 20_18_
@ __11:30__ ⋀ M
**ROBBIN BURLEW**
District Clerk Kerr County, TX
By _____ Deputy

8-20-18

ROBBIN BURLEW
DISTRICT CLERK, KERR CO.
700 MAIN ST, STE 236
KERR CO. COURTHOUSE
KERRVILLE, TEXAS 78028

PRO SE # 01969926
MARK MCCOURT WEBER JR
CAUSE NO. B14-155

RE: SUBSEQUENT 11.07 WRIT OF HABEAS, MEMORANDUM AND
EXHIBIT (DOCUMENTS) SUPPORT NEWLY DISCOVERED EVIDENCE.

DEAR CLERK OF COURT (198TH)

   I'VE RECIEVED THE ORDER DENYING MY WRIT OF HABEAS
APPLICATION AND SUPPORTING DOCUMENTS. THE COURT NOW
HAS QUITE ALOT OF MY SUPPORTING DOCUMENTS. IT'S MY
HOPE THAT THIS LAST SET OF SUPPORTING DOCUMENTS ARE
FORWARDED TO THE CRIMINAL COURT OF APPEALS FOR THEIR
RULING ON WHETHER THIS ISSUE SHOULD BE DENIED. I'VE
YET TO RECIEVE ANYTHING CONFIRMING THAT THE APPEALS
COURT RECIEVED MY SUBSEQUENT 11.07 WRIT OF HABEAS
CORPUS, MEMORANDUM OF CASE LAW, AND DOCUMENTS
(EXHIBITS A-F) THAT CLEARLY SHOWN AN INJUSTICE
AND VIOLATION OF MY SIXTH AMENDMENT RIGHTS OF THE
U.S. CONSTITUTIONS.

   I NEED TO KNOWN THIS SERIOUS ISSUE, AND ALL MY
DOCUMENTS AND APPLICATION OF WRIT ARE OR HAVE
BEEN FORWARDED TO COURT OF APPEALS FOR FINAL RULING.
THANK YOU FOR YOUR RESPONSE          SINCERELY,
                                     Mark M Weber

CC: FILE

FILED ___10-17__ 20_18_

@ _11:00_ A.M

ROBBIN BURLEW

District Clerk, Kerr County, TX

By _____ Deputy

10-13-18

COURT CLERK

IN THE DISTRICT COURT

198TH JUDICIAL DISTRICT

KERR COUNTY, TEXAS

MARK MCCOURT LIEBER

01969926 - MICHARL

TEXAS DEPT. CRIM. J

CASE NO. B14-155

RE: APPLICATION OF SUBSEQUENT 11.07 WRIT OF HABEAS CORPUS OF NEWLY DISCOVERED EVIDENCE (DENIED), AND NOT BEING FORWARDED TO CRIMINAL COURT OF APPEALS.

DEAR CLERK,

I SENT OUT A MOTION AND APPLICATION FOR WRIT OF SUBSEQUENT 11.07 HABEAS CORPUS. THIS WAS DENIED ON 8-1-18 ALONG WITH A NOTICE FROM YOUR OFFICE THAT MY SUBSEQUENT WRIT OF 11.07 ALONG WITH CASE LAW, EXHIBITS, AND OTHER SUPPORTING DOCUMENTS, WAS CONSIDERED AND DENIED.

MY CONCERN IS THAT THIS APPLICATION AND SUPPORTING DOCUMENTS HAVE NOT BEEN FORWARDED TO THE COURT OF CRIMINAL APPEALS FOR THIER FINAL RULING. I NEED THERE RULING AND/OR CONSIDERATION OF THIS ISSUE FOR SUBSEQUENT WRIT IN ORDER TO CONTINUE MY APPEAL, IF IN FACT THEY AGREE WITH THE TRIAL COURTS DECISION TO DENY SUBSEQUENT ~~APPLICANTS~~ APPLICATION'S CLAIM.

I NEED THIS AND ALL DOCUMENTS RELATED TO THE ISSUE OF TRIAL COUNSEL'S ~~THE~~ FAILURE TO CONVEY A PLEA OFFER TO ME (CLIENT) PRIOR TO TRIAL, SENT TO COURT OF APPEALS.

* EXHIBIT A OF WRIT OF MANDAMUS
TO BE FILED

C.C. FILE

SINCERELY,

MARK MCCOURT LIEBER

Marky Lieber Jr.

~~EXHIBIT  5D~~
(1 of 2)

Ms. Lucy Sandrige Pearson                    3-15-18
200 Earl Garrett Street
Suite 206
Kerrville, Texas                    Mr. Mark McCourt Lieber
                                    #1969926 - T.D.C.J.-ID
                                    Michael Unit
                                    2664 FM 2054
                                    Tennessee Colony, Tx
                                            75886

Ms. Pearson,

        I have recently (within the past 6 months) be-
came aware of a plea bargain offer by the state of a
10 year deferred adjudicated probation. An offer that
was made by the state, and not any offer you were
trying to get. How I became aware of this offer was
by an e-mail from Scott Monroe's office that was sent
to Richard Ellison (my 11.07 counsel) stating an offer
of 10 years deferred to a 3rd degree felony enhanced
was available to me, and you "did not" relay or pre-
sent this offer to me. The one and only time we
ever discussed a plea, you said the "only" thing
the state was willing to come down to was 25 years.
The e-mail state's you were trying to wear them
down to a state jail felony, but they would not go
for that. Richard Ellison "hinted" to me that if there
was a plea offer I was not aware of, that was grounds
for relief. He never mentioned or relayed to me the
offer of a 10 year deferred until he withdrew as

EX B (2 of 2)

MY COUNSEL FOR CONFLICT OF INTEREST. "HE FELT YOU DID ALOT FOR ME." HE LATER SENT ME HIS FILE ON MY CASE, AND IN THAT FILE WAS THE E-MAIL FROM THE STATE (SCOTT MONROE, AND A MR. HARPOLD). SAME AS YOU, MR. ELLISON DID NOT RELAY THIS OFFER TO ME. HE (MR. ELLISON) WAS VAGUE IN THE MENTION OF AN OFFER (PLEA). I THOUGHT HE WAS REFERRING TO THE 25 YEAR OFFER YOU TOLD ME WAS OFFERED. THE ONLY OFFER YOU AND CO-COUNSEL GOT ON RECORD THE DAY OF MY TRIAL. I HAVE SEVERAL COPIES OF THIS E-MAIL, AND SEVERAL COPIES OF THE COURT RE-CORD TRANSCRIPTS OF YOU AND MR. O'KIEL TELLING ME THERE WAS A 25 YEAR OFFER BY THE STATE. THE ONLY OFFER YOU MENTIONED, AND THE ONLY OFFER I EVER KNEW WAS AVAILABLE TO ME.

MS. PEARSON THIS IS THE FIRST AND ONLY LETTER I'LL WRITE TO YOU AS I KNOW YOU ARE NO LONGER MY ATTORNEY. BUT IT APPEARS YOU COULD HAVE KEPT ME OUT OF PRISON. YET YOU LET ME WALK INTO THAT COURT ROOM KNOWING I HAD NO CHANCE OF BEING FOUND "NOT GUILTY", AND THAT THERE WAS A VERY GOOD CHANCE I WOULD RECIEVE A VERY LENGTHY PRISON SENTENCE, (75 YEARS? WOW!) THERE-FORE MAKING A 10 YEAR PROBATION A VERY GOOD, A VERY APPEALING OFFER THAT YOU SHOULD HAVE RELAYED TO ME AS BEING "OFFERED", AND AS MY ATTORNEY ADVISED ME OF CONSIDERING MY OTHER OPTIONS. I WOULD HAVE TAKEN THAT 10 YEAR PROBATION MS. PEARSON. I'M TRYING TO GET RELIEF AND JUSTICE ON THIS ISSUE NOW. BECAUSE THIS NOT BEING RELAYED TO ME, AND BEING GIVEN A 75 YR. SENTENCE IS SURELY AN INJUSTICE. I PRAY FOR YOUR HONESTY