IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK MCCOURT LIEBER, JR, | § | |
| TDCJ No. 1969926, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. SA-19-CA-12-FB (HJB) |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |

**RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT**

Petitioner Mark McCourt Lieber, Jr., was convicted of theft against an elderly individual and sentenced to seventy-five years of imprisonment by a Texas state court. His petition should be denied and dismissed with prejudice because one of his claims is procedurally defaulted, the other is unexhausted and procedurally barred and both are otherwise without merit.

**JURISDICTION**

Lieber seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties as Lieber was convicted within this Court's jurisdiction.

**PETITIONER'S ALLEGATIONS**

The Respondent (Director) understands Lieber's claims to be as follows:

1.   Ineffective assistance of counsel for failing to convey a ten-year plea bargain offer; and

2.      His sentence is illegal because counsel failed to convey the 10-year offer.

ECF 1, at 6.

## GENERAL DENIAL

The Director denies Lieber's assertions of fact except those supported by the record or specifically admitted herein. In addition, the Director opposes any future, substantive motions filed by Lieber and will respond to any such motions only upon order of the Court.

## STATEMENT OF THE CASE

### I.    Procedural History

The Director has lawful custody of Lieber pursuant to the judgment and sentence of the 198th Judicial District Court of Kerr County, Texas, in cause number B14-155, styled *The State of Texas v. Mark McCourt Lieber*, Jr. SHCR-01, at 3-4.[1] Lieber was charged by indictment with theft against an elderly individual, enhanced by two prior felonies, entered a not guilty plea, and was tried by a jury. *Id.* at 2-3. Lieber was found guilty as charged and was sentenced by the jury to seventy-five years on November 6, 2014. *Id.*

Lieber's conviction was affirmed by the Fourth Court of Appeals of Texas on December 30, 2015. *Lieber v. State*, No. 04-14-00818-CR, slip op. (Tex. App.– San Antonio, 2015, pet. ref'd). The Texas Court of Criminal Appeals refused Lieber's petition for discretionary review on April 13, 2016. *Lieber v. State*, PDR No. 067-16 (Tex. Crim. App. 2016).

---

[1]      "SHCR-01" refers to the clerk's record of state habeas pleadings in *Ex parte Lieber*, No. 87,355-01. "SHCR-02" refers to the clerk's record of state habeas pleadings in *Ex parte Lieber*, No. 87,355-02.

Lieber's first state writ application challenging his conviction was denied without written order on January 10, 2018. SHCR-01, at Action Taken. Lieber's second state writ application challenging his conviction was dismissed as subsequent pursuant to Texas Code of Criminal Procedure Article 11.07 § 4(a)-(c) on November 21, 2018. SHCR-02, at Action Taken. The instant federal writ petition was filed on or about December 28, 2018. ECF 1, at 10.

## II.   Statement of the Facts

The state appellate court summarized the facts as follows:

Lieber was indicted for theft of jewelry having the value of $1,500 or more but less than $20,000 from Beverly Ann Valentino, an elderly individual. The indictment alleged Lieber had two prior felony convictions. Lieber pled not guilty, and the case proceeded to a jury trial.

Three witnesses testified for the State. Valentino, a seventy-one year old widow, testified she hired a contractor to replace her ceiling and to fix cracks in the walls of her home in Kerrville. She explained she took off her diamond engagement ring and her 1960 high school class ring to clean her house and she placed them in a box in her bathroom drawer. Valentino stated Lieber and another man who worked for the contractor came to her house to complete the work, but they quit after two weeks. After the workers quit, Valentino searched her house for her rings but was unable to find them. Also missing from her home was a pearl ring and a small box of her late husband's tie tacks and tie pins. Valentino called the sheriff to report a theft.

The trial court admitted into evidence State's Exhibit 1, which was a photograph of a sales receipt from Fitch Estate Sales. Sitting on top of the receipt shown in the photograph were two rings, which Valentino identified as her pearl and diamond rings, but the stones had been removed from the ring settings. Valentino testified her engagement ring setting held a three-quarter karat diamond. The trial court also admitted State's Exhibit 2 and Exhibit 3, which included photographs of a ring Valentino identified as her diamond

ring. Valentino testified her opinion of the value of her diamond ring "intact" was $5,000; the value of her pearl ring was $250; the value of the tie tacks was $300; and the value of her class ring was $500. Valentino further testified she filed a claim with her insurance company for the jewelry and received about $3,800 after a $500 deductible.

Defense counsel took Valentino on voir dire and asked about the basis for her opinion of the diamond ring's value. She stated she did not compare her ring to other bands of a similar nature. Valentino testified an insurance company appraised her ring after the theft based on her description of the ring. Defense counsel concluded voir dire by asking, "I just want to make sure that this value is according to your opinion; correct?" Valentino responded, "My opinion, yes." There was no objection as to the form, basis, or foundation about the diamond ring's value.

Jason Smith, who manages Fitch Estate Sales, testified he was contacted by law enforcement officials about Lieber. Smith stated Lieber came into his store to sell some rings. Smith testified he purchased the rings depicted in State's Exhibit 1 from Lieber.

James Ledford, an investigator for the Kerr County Sheriff's Department, testified about his investigation into the theft. He stated Valentino reported her jewelry stolen and he discovered during his investigation that Lieber sold the rings to Fitch Estate Sales.

Jim Morris, a defense expert, testified about the value of the rings sold to Fitch Estate Sales. He testified that when the diamond ring (sans diamond) was sold it weighed 4.2 grams, and that 4.2 grams of gold was then worth only $98.20. Morris also stated that the setting on the diamond ring "would probably not take larger than about a .55 to .60 stone." In his opinion, a three-quarter karat diamond would be too large to fit in the setting.

The trial court admitted Defense Exhibit 2, which contained a document from Valentino's insurance company. The document listed the stolen items for which Valentino submitted a claim to her insurance; it showed the value of the engagement ring was $3,165; the value of the pearl ring was $225; the value of the tie

accessories was $360; and the value of another ring was $240. Morris testified that the weight of Valentino's diamond ring was 4.2 grams, but the insurance claim described the ring as having approximately "2.1 grams of gold weight." Morris opined that the ring described in the claim form could not have been the same ring that Valentino described.

On cross-examination, Morris testified the best way to place a monetary value on a ring is to examine it in person rather than in a photograph. Morris admitted he never personally examined the complete ring or the diamond. Morris also acknowledged he could not tell the jury (and confirmed he had not testified) that the value of the diamond ring was worth less than $1,500.

The jury convicted Lieber of theft and, after finding he was convicted of two prior felonies, sentenced him to seventy-five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

*Lieber v. State*, slip op. at 2-4.

## STATE COURT RECORDS

Records of Lieber's trial, appeal, and state habeas proceedings have been filed with the Court. Pages 92-94 and 96-100 of the Clerk's Record of Canfield's trial have not been filed, as they contain home addresses of the jurors and are not relevant to the disposition of this case. Attached as Exhibit A is an affidavit from Lieber's trial counsel addressing Lieber's ineffective assistance of counsel claim.

## EXHAUSTION/LIMITATIONS/SUCCESSIVE PETITION

Lieber's claim 1 is procedurally defaulted and claim 2 is unexhausted and procedurally barred. 28 U.S.C. § 2254(b). The petition is not subject to the successive petition bar. 28 U.S.C. § 2244(b). The Director does not believe that Lieber's claims are time-barred. 28 U.S.C. § 2244(d).

I.   **Lieber's Claim That Counsel Failed to Convey a Plea Bargain Is Procedurally Defaulted. (Claim 1)**

Lieber's claim 1, that counsel failed to convey a ten-year plea bargain offer, was raised in a state habeas application that was dismissed on state procedural grounds. SHCR-02, at 23-25, 43-51, Action Taken. As a result, this claim is procedurally defaulted and this Court is barred from reaching its merits.

It is well settled that federal review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *Harris v. Reed*, 489 U.S. 255, 265 (1989); *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). Where a state court has explicitly relied on a procedural bar, a state prisoner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice that is attributable to the default. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977).

The state court explicitly found that Lieber's claim that counsel failed to convey a plea bargain was successive under Texas Code of Criminal Procedure Article 11.07, § 4(a)–(c). SHCR-02, at Action Taken. And the Fifth Circuit has held that article 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and that it has been strictly and regularly applied since 1994. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). As a result, the claim is procedurally defaulted.

The Supreme Court has qualified the rule that federal courts cannot reach the merits of claims dismissed on state procedural grounds "by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish *cause* for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 566 U.S. 1, 9 (emphasis added). More specifically, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a *substantial* claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 14 (emphasis added). And the Supreme Court has found this exception generally applicable to Texas *capital* cases. *Trevino v. Thaler*, 569 U.S. 413, 417 (2013). Assuming *arguendo* that the exception applies to the instant *non-capital* Texas case, the relief offered is not from conviction or sentence. *Martinez*, 566 U.S. at 17. Indeed, "[a] finding of cause *and prejudice* does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted." *Id.* (emphasis added).

Most importantly here, the *Martinez/Trevino* exception does not do away with the "prejudice" requirement. That is, apart from the absence or ineffectiveness of state habeas counsel, "[t]o overcome the default, a prisoner

7

must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (describing standards for certificates of appealability to issue)). To counter application of the exception, the "State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Id.* at 15-16 (emphasis added).

To assess whether Lieber could demonstrate cause and prejudice under *Martinez/Trevino*, and because the Court ordered the Director to answer Lieber's claims on the merits, the Director obtained an affidavit from Lieber's trial counsel. To the extent that Lieber argues that he has shown cause under *Martinez/Trevino*, his argument is unavailing because his defaulted ineffective-assistance-of-trial-counsel claim is not substantial.

The Supreme Court has held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). Contrary to Lieber's claim, trial counsel did convey the offer to Liber and he rejected it. As counsel explains:

The offer by the 198th District Attorney on Mr. Lieber's theft case was absolutely conveyed to Mr. Lieber. He had two separate charges. The state's offer was a package deal to resolve both cases, which is common. The offer was five years TDC on the UUMV and ten years deferred on the theft. The theft was enhanced up to a first degree felony because of Mr. Lieber's extensive criminal history. The trial transcript shows I made arguments and raised objections to the enhancements, which were overruled. My verbal objections saved the arguments for the appeal process.

I clearly remember Mr. Lieber not accepting the plea offer. In order to accept the package offer, he would have to enter a plea of guilt on both cases. At all times, Mr. Lieber asserted his innocence on both cases. He would not enter a guilty plea under any circumstances. And further, he wouldn't even listen to an offer of TDC time on the UUMV case. He thought it was a ridiculous offer and wanted it reduced to a misdemeanor for "joyriding". These were his words. At no time did I ever tell him the state agreed to dismiss the UUMV case, even though I had obtained an Affidavit of Non-Prosecution from the victim.

The email Mr. Lieber is referring to only discusses the offer made in the theft case because the state wanted to make sure the victim would approve a lengthy deferred probation. There was no reason to discuss the other part of the offer because it did not involve the same victim. At no time was the offer a deferred probation on both cases. The state's position was that he would have to do some TDC time. Mr. Lieber is taking the email out of context and not looking at the entire picture.

Once the offer was rejected, the state withdrew the offer. We both had to prepare for trial. From that point on, the offer was 25 years. On the morning of trial, Mr. Lieber was given a final opportunity to accept the 25 year offer, but refused.

Exhibit A. Because Lieber's claim is wholly meritless, he cannot demonstrate cause and prejudice to overcome the default of his claim. As a result, this Court must dismiss the claim with prejudice.

9

## II.   Claim 2 is Unexhausted and Procedurally Barred.

In claim 2, Lieber alleges that his sentence is illegal because counsel failed to convey the plea bargain offer. ECF 1, at 6. Because this claim was not presented in the state court, it is unexhausted and procedurally barred. This Court should dismiss the claim with prejudice.[2]

The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state of Texas. *ichardson*, 762 F.2d at 431. To proceed before that court, a petitioner must either file a petition for discretionary review, Tex. R. App. P. 68.1, or an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 1977 and Vernon Supp. 1998).

All of the grounds raised in a federal application for writ of habeas corpus must have been "fairly presented" to the state courts prior to being presented to the federal courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In other words, in order for a claim to be exhausted, the state court system must have

---

[2]     The claim is also without merit. "An illegal sentence is one that the judgment of conviction does not authorize." *U.S. v. Hart*, 189 F.3d 469, 469 (5th Cir. 1999) (citing *U.S. v. Morgan*, 346 U.S. 502, 506 (1954)). State law authorizes Lieber's sentence. *See* Tex. Penal Code §§ 31.03(e)(4)(A); 31.03 (f)(3)(A); 12.42(d) (West 2014).

been presented with the same facts and legal theory upon which the petitioner bases his assertions. *Id.* at 275-77. "[I]t is not enough . . . that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Where a "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Id.* at 259 (citing *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)). "Exhaustion 'requires a state prisoner to present the state courts with the same claim he urges upon the federal courts.'" *Id.* at 261 (citing *Picard*, 404 U.S. at 276). Additionally, in order to satisfy the exhaustion requirement, the petitioner must have not only presented his claims to the highest state court, but he must have presented them in a procedurally correct manner. *Castille*, 489 U.S. at 351. When a petitioner raises a claim in a procedural context in which its merits will not be considered, he has not "fairly presented" the claim to the state courts, and, therefore, has not satisfied the statutory exhaustion doctrine. *Id.*; *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).

Lieber has not exhausted claim 2 because he did not raise it on direct appeal and a petition for discretionary review or in his state writ application. Appellant's Brief; Petition for Discretionary Review; SHCR-01, at 12-27; SHCR-02, at 23-25, 43-51. Therefore, by filing this federal writ of habeas corpus, Lieber has bypassed the state courts and attempted to present original claims to the federal courts before the state court has had the opportunity to review them. Ultimately, Lieber has prevented the state courts from ruling on,

and if necessary, correcting, any constitutional errors that might have occurred in this case. *See Castille*, 489 U.S. at 349; *Picard*, 404 U.S. at 275.

However, notwithstanding Lieber's failure to exhaust his state court remedies with respect to claim 2, it is procedurally barred from federal habeas corpus review.[3] Even though this claim has not been reviewed by the state courts, this Court may find it to be procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his supporting facts would now find them to be procedurally barred. *Id.* In such cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred); *see also Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1997) (same).

Here, Lieber has failed to exhaust claim 2 because he did not bring it on direct appeal and petition for discretionary review or properly in his state writ application that was decided on the merits. However, should this Court require Lieber to present this claim to the Texas Court of Criminal Appeals to satisfy

---

[3]     The amended version of § 2254(b) provides that a federal court may deny a petitioner's application for habeas relief on the merits, notwithstanding his failure to exhaust state court remedies.  28 U.S.C. § 2254(b)(2) (2007). As the Supreme Court explained, the exhaustion requirement "is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law.'" *Gray v. Netherland*, 518 U.S. 152 (1996) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

the exhaustion requirement, that court would find it to be procedurally barred under the Texas abuse of the writ doctrine, codified at Tex. Code Crim. Proc. Ann. art 11.07 § 4 (West Supp. 1996). The Fifth Circuit has noted that the Texas Court of Criminal Appeals applies its abuse of the writ rules regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Further, due to the 1995 amendment of the Texas habeas corpus statute, the Texas Court of Criminal Appeals has applied abuse of the writ even more regularly and strictly since *Fearance*. Now, the statute prohibits a Texas court from considering the merits of, or granting relief based on, a subsequent writ application filed after the final disposition of an inmate's first application unless he demonstrates the statutory equivalent of cause or actual innocence. Tex. Code Crim. Proc. Ann. art. 11.07 § 4(1)-(2).

Moreover, for this Court to reach the merits of these claims, Lieber "must establish 'cause' and 'prejudice' from [the state court's] failure to consider his claim[s]." *Fearance*, 56 F.3d at 642 (citing *Coleman*, 501 U.S. at 750-51). Lieber can demonstrate neither and he has not shown that he is actually innocent of the crime for which he was convicted.

Accordingly, because claim 2 was never presented to the highest state court and is procedurally defaulted, this Court should dismiss it with prejudice as unexhausted and procedurally barred.

## CONCLUSION

For the above reasons, the Director requests that the petition be dismissed with prejudice and that no certificate of appealability issue.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFF MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*Lead Counsel

/s/ Jessica Manojlovich
JESSICA MANOJLOVICH*
Assistant Attorney General
State Bar No. 24055632

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

14

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading has been served by placing the same in the United States Mail, postage prepaid, on this the 16th day of May 2019, addressed to: Mark McCourt Lieber, Jr., TDCJ No. 1969926, Michael Unit, 2664 FM 2054, Tennessee Colony, TX 75886.

/s/ Jessica Manojlovich
JESSICA MANOJLOVICH
Assistant Attorney General