Case 5:19-cv-00012-FB-HJB   Document 10   Filed 06/07/19   Page 1 of 7

FILED
JUN 07 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

TO THE HONORABLE JUDGE OF                                       MAY 31, 2019
U.S. DISTRICT COURT / WESTERN DIVISION;
             SA-19-CV-12-FB(HJB)

Your Honor,

I am replying to the state's response of my trial attorney's failure to convey a favorable plea bargain offer made by the state's prosecutor, Scott Monroe D.A. I found out about this offer through a copy of an e-mail from prosecutor Scott Monroe, who sent the e-mail to my appointed 11.07 counsel Richard Ellison. This e-mail was sent to me by Richard Ellison after he withdrew as my counsel due to conflict of interest, and "after" I had already did my 11.07 writ (pro se) and mailed it out from the Michael Unit. Mr. Ellison advised me prior to withdrawing as counsel that he didn't feel that there was sufficient enough evidence to over-turn my conviction of ineffective assistance of counsel due to the grounds & issues I conveyed to him in correspondance, and that I later listed in my original 11.07 writ (pro se). He stated to me that he would be filing an "Ander's Brief," and that I could file an 11.07 writ (pro se) this was told to me in a letter from him in May of 2018 that I included in my 2254 writ of Habeas Corpus. So I immediately began getting my grounds & issues prepared in a 11.07 writ of Habeas Corpus. In June of 2018 Mr. Ellison sent me a letter suddenly telling me he found one (1) ground of ineffective assistance of counsel: trial counsel's failure to seek an impeaching testimony of value. He also stated in this letter that if a plea offer was made and not reported to me, that could be grounds for relief. He did not elaborate on this, so I assumed he was talking a- -bout the 25 year offer gotten on record. I couldn't

comment on the 10 year probation offer as I had no knowledge of it existing or being offered. So I wrote Mr. Ellison back explaining that I've already prepared my 11.07 Pro Se (as he suggested I do), and that this ground of my trial counsel failing to seek an impeaching testimony has already been listed. Mr. Ellison (11.07) made me feel we had a conflict of interest filing against my trial counsel Ms. Lucy Pearson. This was (is) a small town, and Mr. Ellison and Ms. Pearson are friends and college's. I felt that is why he said he was filing an Ander's Brief. So I told him I would go ahead and file my 11.07 Pro Se as it was about done and ready to mail. On July 12, 2018 Mr. Ellison (11.07 appointed counsel) withdrew as counsel for conflict of interest. I recieved his notice of withdraw and case file, and enclosed was the e-mail of the plea offer he states he recieved on the date of the e-mail. I recieved his withdrawal of counsel and e-mail of plea offer on July 19, 2018. This is "after" I mailed my 11.07 Pro Se. I did not know of this plea offer or Ms. Pearson's failure to convey this offer at the time of preparing and mailing out my original 11.07 writ of Habeas Corpus. So after researching this ground, issue, and my options to raise this issue to the court's, I proceeded with a subsequent 11.07 of newly discovered evidence of ineffective assistance of counsel's failure to convey a plea offer. This issue clearly shows a very favorable offer compared to 25 yrs. prison time (on record), and much more favorable than the 75 year prison term I recieved from a jury. A prison term of 75 years that the prosecutor specifically asked the jury for. Mr. Monroe at one time

was willing to offer me a 10 year probation that I allegedly turned down? To me this shows extreme prejudice of this ground & issue I'm introducing in a subsequent 11.07 writ. What I need to show in order to overcome a procedural default claim by the state. I believe the ground and issue I've raised, along with the facts of documented evidence this offer existed at one time, a 25 year sentence is the only offer on record as the "only" offer ever conveyed or mentioned, shows that there is merit to my claim, and obvious prejudice, harm, and error. Futhermore I presented this evidence and issue to the state prosecutor, the judge (Rex Emerson), all lawyers and parties involved (to no avail or response). Then I proceeded with legal filing of, first filing a motion with the court for appointment of counsel for the subsequent issue which was denied. I presented all the evidence of this issue to the courts when I requested an attorney. And then proceeded with a subsequent 11.07 explaining everything about this issue, and showing facts of record and evidence to support my claim. So therefore I gave the state every opportunity to address this issue, investigate this issue, and resolve this issue. This ground and issue of ineffect- ive assistance of trial counsels failure to convey a 10 year probation offer (made by the state) is newly discovered evidence or information I did not have knowledge of at the time I was preparing my first 11.07 writ. I mailed that 1st 11.07 writ of habeas out July 7th 2017. Records at Michael unit mail room will show the earliest I recieved this e-mail and information of an old plea offer, and Mr. Ellison's withdrawal of counsel is July 19, 2017.

ALSO I'M RAISING THIS ISSUE OVER THREE (3) YEARS AFTER MY CONVICTION AND SENTENCE. THAT'S BECAUSE I DID NOT KNOW THIS OFFER EVER EXISTED AND/OR WAS AVAILABLE TO ME UNTIL THE PROSECUTOR IN MY CASE (SCOTT MONROE) SENT THIS E-MAIL TO RICHARD ELLISON APPOINTED 11.07 COUNSEL, WHO WAS ALREADY PREPARING TO WITH- DRAW AS MY COUNSEL, AND WHO HAD ADVISED ME SEVERAL MONTHS PREVIOUSLY TO FILE MY OWN 11.07 (PRO SE). I WOULD NEVER HAVE KNOWN OF THIS OFFER HAD THE PROSECUTOR NOT SENT THIS E-MAIL TO MR. ELLISON, AND MR. ELLISON NOT FORWARDED IT TO ME. THE PROSECUTOR HAD MY TRIAL COUNSEL GET PLEA'S ON RECORD THE DAY OF MY TRIAL AS TO WHAT THE OFFER (OFFER'S) WAS IN MY CASE. THIS 10 YEAR PROBATION OFFER SHOULD HAVE BEEN GOTTEN ON RECORD THAT IT WAS CONVEYED (AND) THAT I TURNED THIS OFFER DOWN. FUTHERMORE THE STATE PROSECUTOR SHOULD HAVE KNOWN THEN OR SOON AFTER THAT SHE DIDN'T MENTION ANY OTHER OFFER OR OFFER'S OTHER THAN A 25 YEAR PLEA OFFER. MY TRIAL COUNSEL CLEARLY VIOLATED MY SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO A FAIR AND PROPER DEFENSE, AND LEGAL HELP AND ADVISEMENT TO A FAVORABLE OUTCOME (IF AT ALL POSSIBLE). THIS IS A STATE AND FEDERAL CONSTITUTION THAT MISSOURI VS. FRYE WAS ARGUED AND DECIDED ON BY THE U.S. SUPREME COURT. PLEASE SEE MISSOURI VS. FRYE 566 U.S. 134, 132 S Ct 1399, 182 L Ed 2d 379, 2012 US LEXIS 2321. I ALSO STAND ON; COLEMAN VS. THOMPSON, 501 U.S. 722, 111 S Ct. 2546, 115 L Ed 2d 640., SHOW THAT A COLL- ATERAL PROCEEDING, IF UNDERTAKEN WITH NO COUNSEL OR IN- EFFECTIVE COUNSEL, MAY NOT HAVE BEEN SUFFICIENT TO ENSURE THAT PROPER CONSIDERATION WAS GIVEN TO A SUBSTANTIAL CLAIM. THIS AND OTHER FACTS OF COLEMAN ALLOW A FEDERAL HABEAS COURT TO HEAR THIS CLAIM, AND ALLOW ME TO OVERCOME THIS PROCEDURAL DEFAULT THE STATE IS CLAIMING, TO DENY ME RE- LIEF OF THIS VERY SERIOUS INJUSTICE IN MY CASE.

Although I don't stand alone on the Martinez/Trevino cases, I do stand on the merits, facts, and issues presented and argued in these cases. Martinez vs. Ryan shows that a federal court can overcome a procedural default and hear my case. My final facts to present to the U.S. District Court of the Western Division to help give merit and favor to my claim is that I've always plea bargained in all of my previous convictions. It shows that I would have plea bargained to a favorable plea offer. I've never taken a case to trial, and I would not have taken this to trial either had I know of this offer, and been given the right to take this offer. I had the right to determine my fate at this plea opportunity and my trial counsel denied me that right, which eventually led to me recieving a 75 year term. This is my reply to ground one of newly discovered evidence of trial counsels ineffective assistance in failing or refusing to convey a plea offer

\* Ground 2 of illegal sentence I hereby waive that ground, and do not contest states response on that issue.

### CONCLUSION

I have shown based on the documented evidence and court records, and attorney's (trial counsel's) response that there was (prior to trial) a favorable plea offer of a ten years probation. I have shown with documented evidence and court transcript records the only plea offer conveyed or on record is 25 year offer. The trial counsel's response in state's exhibit A is purely self serving and shows no factual evidence that Ms. Pearson conveyed this offer, no factual evidence I knew this offer existed, and no factual evidence

THAT I TURNED THIS OFFER DOWN. THE STATE CLEARLY ELUDED TO THE FACT THAT THIS WAS (IS) NEWLY DISCOVERED EVIDENCE, AND THE CAUSE FOR A SUBSEQUENT 11.07 WRIT OF HABEAS CORPUS. FUTHERMORE I WAS BLIND-SIDED BY THIS NEWLY DISCOVERED ISSUE AND DETERRED FROM FOLLOWING THROUGH WITH MY APPEAL TO THE FEDERAL COURTS (2254) OF ORIGINAL 11.07 DENIED WITHOUT WRITTEN ORDER OR RESPONSE. I WAS CONSUMED FOR THE NEXT 10 MONTHS OR SO SEEKING ANSWERS FROM TRIAL COUNSEL LUCY PEARSON, DIRECT APPEAL LAWYER M. PATRICK McGUIRE, STATE BAR OF TEXAS (COMPLAINT) AND SEVERAL LETTERS TO SCOTT MONROE D.A. AS WELL AS MOTION FOR APPOINTMENT OF COUNSEL ON THIS NEWLY DISCOVERED EVIDENCE. ALL WAS IGNORED OR DENIED IN THE FACE OF FACTUAL DOCUMENTS AND EVIDENCE SUPPORTING MY CLAIM. THIS EVIDENCE OF THIS ISSUE SHOULD AND DOES BRING "NEW LIGHT" TO MY ORIGINAL 11.07 AND GROUNDS OF INEFFECTIVE ASSISTANCE OF COUNSEL. BECAUSE I AM TIME BARRED FROM MY ORIGINAL 11.07, MY FATE AND HOPES OF A FEDERAL REVIEW AND RULING ARE IN THE HANDS OF YOUR HONOR OF THE U.S. DISTRICT COURT - WESTERN DIVISION. I'VE SHOWN CAUSE, PREJUDICE, HARM, AND ERROR... AND MERIT.

  I PRAY YOUR HONOR WILL SEE THE CAUSE AND MERIT TO OVERCOME MY PROCEDURAL DEFAULT THE STATE IS ACCUSING ME OF, AND STANDING ON, IN ORDER TO PREVENT ME FROM OVERCOMING THIS WRONG AND INJUSTICE DONE TO ME BY MY TRIAL COUNSEL, MS. LUCY SANDIGE PEARSON, AND THE HOPES OF SOME TYPE OF RELIEF I STRONGLY FEEL I'M ENTITLED TO.

            SINCERELY,
            Mark McCourt Dickerson Jr.

MY INMATE DECLARATION OF OATH UNDER PENALTY OF PERJURY THAT THIS REPLY IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

IN THE EVENT MY 2254 WRIT OF FEDERAL HABEAS CORPUS IS DENIED, OR COURT UPHOLDS THIS PROCEDURAL DEFAULT. I RESPECTFULLY ASK THAT THE COURT AND YOUR HONOR ALLOW ME TO PROCEED TO 5TH CIRCUIT WITH COA.

I AM MERELY A LAYMAN OF LAW, AND DO NOT KNOW ALL THE PROCEDURES INVOLVED IN FILING APPEALS. I'VE BEEN WITHOUT HELP (NO COUNSEL) BASICALLY EVER SINCE MY DIRECT APPEAL WAS AFFIRMED.

THANK YOU,
Mark McCourt Lieber Jr.

THIS WAS PLACED IN MICHAEL UNIT MAILBOX ON JUNE 2, 2019. I RECIEVED STATE'S RESPONSE ON MAY 22, 2019 AT THE MICHAEL UNIT MAILROOM.

THIS CONCLUDES MY (PETITIONER'S REPLY) TO THE STATE'S RESPONSE TO CIVIL ACTION NO. SA-19-CA-12-FB(HJB). I PRAY FOR THE COURTS CONSIDERATION AND RELIEF. THANK YOU FOR YOUR TIME AND ATTENTION TO THIS MATTER.

SINCERELY,
Mark McCourt Lieber Jr.

(pg 7)