FILED
February 15, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Breanna Coldewey
DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MARK MCCOURT LIEBER, JR.,**
TDCJ No. 01969926,

*Petitioner*,

v.

**BOBBY LUMPKIN,**[1]
Director, Texas Department of Criminal Justice, Correctional Institutions Division,

*Respondent*.

**Case No. 5:19-cv-012-RCL**

**MEMORANDUM OPINION AND ORDER**

Before the Court are petitioner Mark McCourt Lieber, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, respondent Bobby Lumpkin's Answer, ECF No. 9, and petitioner's Reply thereto, ECF No. 10. Also before the Court is the evidence presented at the September 2020 evidentiary hearing and the pleadings submitted by both parties thereafter, ECF Nos. 52, 53, 57, 60, and 63. Having reviewed the record and pleadings submitted by both parties, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. BACKGROUND

In November 2014, a Kerr County jury found petitioner guilty of theft against an elderly individual—a third-degree felony that was enhanced to a first-degree felony due to petitioner's prior felony convictions—and sentenced him to seventy-five years of imprisonment. *State v.*

[1] The previous named Respondent in this action was Lorie Davis. On August 10, 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

*Lieber, Jr.*, No. B14-155 (198th Dist. Ct., Kerr Cnty., Tex. Nov. 6, 2014); ECF No. 8-11 at 23–24. The Texas Fourth Court of Appeals affirmed petitioner's conviction on direct appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Lieber, Jr. v. State*, 483 S.W.3d 175 (Tex. App.—San Antonio, Dec. 30, 2015, pet. ref'd); ECF No. 8-3.

Thereafter, petitioner challenged the constitutionality of his conviction by filing an application for state habeas corpus relief raising a total of eight grounds for relief. *Ex parte Lieber, Jr.*, No. 87,355-01 (Tex. Crim. App.), ECF No. 8-19 at 9–31. The Texas Court of Criminal Appeals eventually denied the application without written order on January 10, 2018. ECF No. 8-17. Petitioner filed a second state habeas application challenging his conviction and sentence six months later, but the Texas Court of Criminal Appeals ultimately dismissed the application as a successive petition pursuant to Texas Code of Criminal Procedure Article 11.07, § 4. *Ex parte Lieber, Jr.*, No. 87,355-02 (Tex. Crim. App.); ECF No. 8-20; ECF No. 8-23 at 4–35.

Petitioner initiated the instant proceedings by filing a petition for federal habeas relief on December 28, 2018. ECF No. 1 at 11. In his § 2254 petition, petitioner alleged that he received ineffective assistance from his trial counsel, Lucy Pearson, due to Ms. Pearson's failure to convey a ten-year plea bargain offer.[2] In response, respondent argued that petitioner's allegation is procedurally barred from federal habeas review because it was raised in petitioner's second state habeas application and rejected on state procedural grounds. ECF No. 9. Petitioner asserted in reply, ECF No. 10, that he can establish "cause and prejudice" to excuse the procedural default under the exception carved out by the Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013).

---

[2] Petitioner also alleged that his seventy-five-year sentence was illegal because of Ms. Pearson's neglect. However, Petitioner has since withdrawn this second allegation, leaving only his ineffective-assistance claim before this Court. ECF No. 10 at 5.

To determine whether an exception to the procedural default doctrine applies to petitioner's allegation, this Court appointed counsel to represent petitioner and held a two-day evidentiary hearing in September 2020. ECF Nos. 52, 53. At the hearing, the Court heard testimony from several witnesses, including petitioner's first and second chair trial counsel, the State's prosecutor and lead investigator, petitioner's initial state habeas counsel, and petitioner himself. The parties then provided supplemental briefing on the issues before the Court. ECF Nos. 57, 60, 63.

The Court has now carefully considered the testimony and exhibits submitted by both parties at the evidentiary hearing, the post-hearing briefs submitted by both parties, and the record and pleadings already before the Court prior to the hearing. For the reasons discussed below, the Court concludes petitioner failed to demonstrate "cause and prejudice" sufficient to excuse the procedural default of his ineffective-assistance claim.

## II. ANALYSIS

### A. The Procedural Default Doctrine

Respondent contends petitioner's sole claim concerning the alleged ineffective assistance of trial counsel (the "IATC claim") is subject to denial by this Court as procedurally defaulted. Procedural default occurs where a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that state procedural rule provides an independent and adequate ground for the dismissal. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014) (citing *Maples v. Thomas*, 565 U.S. 266, 280 (2012)). The "independent" and "adequate" requirements are satisfied where the state court clearly indicates that its dismissal of a particular claim rests upon a state ground that bars relief, and that bar is strictly and regularly followed by the state courts. *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir.

2012) (citing *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001)). This doctrine ensures that federal courts give proper respect to state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991).

In this case, the Texas Court of Criminal Appeals refused to consider petitioner's IATC claim when he raised it for the first time in his second state habeas application, dismissing the application as subsequent under Texas Code of Criminal Procedure Article 11.07 § 4(a)–(c). ECF No. 8-20. That statute, codifying the Texas "abuse of the writ" doctrine, has repeatedly been held by the Fifth Circuit to constitute an "adequate and independent" state procedural ground that bars federal habeas review. *Ford v. Davis*, 910 F.3d 232, 237 (5th Cir. 2018) (citation omitted); *Canales*, 765 F.3d at 566; *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

Consequently, petitioner is precluded from federal habeas review unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider his claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750–51; *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004). Petitioner does not attempt to show a "fundamental miscarriage of justice" will result from the Court's dismissal of the claim. Instead, he argues that the alleged ineffectiveness of his trial and state habeas counsel constitute cause and prejudice under *Martinez v. Ryan* sufficient to overcome the procedural bar. The Court disagrees.

### B. The *Martinez* Exception

Prior to *Martinez*, an attorney's negligence in a postconviction proceeding could not serve as "cause" to excuse the procedural default of claims in federal court. *Coleman*, 501 U.S. at 755. In *Martinez*, the Supreme Court carved out a "narrow" exception to the procedural

default of IATC claims. *Trevino*, 569 U.S. at 422. Now, a petitioner may show cause and prejudice by showing: "(1) that his [IATC claim] is substantial—i.e., has some merit—and (2) that habeas counsel was ineffective in failing to present those claims in his first state habeas proceeding." *Garza v. Stephens*, 738 F.3d 669, 676 (5th Cir. 2013). A petitioner must establish both prongs of the *Martinez* analysis before a procedural default may be excused.

In this case, petitioner cannot overcome the procedural default of his underlying IATC claim because the claim itself is insubstantial.[3] An IATC claim is insubstantial if the claim "does not have any merit" or is "wholly without factual support." *Reed v. Stephens*, 739 F.3d 753, 774 (5th Cir. 2014) (quoting *Martinez*, 566 U.S. at 14–16). Conversely, for a claim to be "substantial," a petitioner "must demonstrate that the claim has some merit." *Id.* Petitioner fails to make this showing under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).

*1. The* Strickland *Standard*

To establish ineffective assistance under *Strickland*, petitioner must demonstrate (1) counsel's performance was deficient, and (2) this deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687–88, 690. This demanding standard applies both in evaluating the potential merit of an underlying IATC claim as well as in evaluating the performance of state habeas counsel. *See Martinez*, 566 U.S. at 14 (suggesting that the *Strickland* standard applies in assessing whether habeas counsel was ineffective). According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

---

[3] Because Petitioner failed to set forth a substantial IATC claim, the Court need not address whether Petitioner received ineffective assistance from state habeas counsel during his first state habeas proceeding.

*Strickland*'s first prong "sets a high bar." *Buck v. Davis*, 137 S. Ct. 759, 775 (2017). When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that, "counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *See Rhoades v. Davis*, 852 F.3d 422, 431–32 (5th Cir. 2017) (quoting *Strickland*, 466 U.S. at 687–88). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690).

To satisfy *Strickland*'s second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

2. *Counsel Was Not Deficient*

In his lone IATC claim, petitioner contends that his trial counsel, Lucy Pearson, was ineffective for failing to communicate a favorable plea offer from the State prior to his theft trial. The Supreme Court has recognized that counsel's failure to communicate a plea offer can indeed constitute ineffective assistance. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012) (holding that, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."). Although he was a facing a sentence of twenty-five years to life imprisonment on his enhanced first-degree theft charge, petitioner alleges that the prosecution made an offer of ten years of

deferred adjudication that Ms. Pearson failed to convey. He bases this assertion solely on an email he discovered prior to his second state habeas proceedings wherein Kerr County District Attorney Scott Monroe recalled that his office made an offer for "10 years deferred to a 3rd degree felony enhanced, but it was turned down." ECF No. 1 at 12.

At the evidentiary hearing on this matter, the Court heard testimony from Mr. Monroe as well as from Todd Burdick, an investigator within Mr. Monroe's office. Mr. Monroe did not recall discussing any plea offers with Ms. Pearson himself, but stated that Mr. Burdick would be the best source of information on plea negotiations since it was his responsibility to convey and negotiate plea offers with counsel. ECF No. 52 at 58, 80–82, 86, 90. Mr. Burdick testified that he never made a plea offer that did not require petitioner to serve at least a little time in prison. *Id.* at 39–40, 44–45, 51. The reason for this was petitioner's lengthy criminal history, which was the largest Mr. Burdick had ever seen. *Id.* at 46–47.

Mr. Burdick further explained that the theft charge was not the only charge pending against Petitioner—there was also a charge for unauthorized use of a motor vehicle ("UUMV"), and the prosecution considered both the theft charge and UUMV charge as a package. *Id.* at 49.[4] For this reason, the prosecution made petitioner a "package offer" of five years of imprisonment on the UUMV charge and ten years of deferred adjudication on the theft charge. *Id.* at 31. This offer had been verbally conveyed to Ms. Pearson sometime in July 2014 and would likely have expired sometime close to petitioner's trial in November 2014. *Id.* at 31–36. While he is sure that there were other offers conveyed to Ms. Pearson during their negotiations, Mr. Burdick reiterated that there was never a standalone offer for ten years of deferred adjudication on the theft charge. *Id.* at 36, 51.

---

[4] Petitioner's UUMV charge was later dismissed following his conviction and sentence on the theft charge. Respondent's Exhibit ("RX") 15; ECF No. 44 at 103.

Lucy Pearson corroborated Mr. Burdick's testimony that the prosecution never made a standalone offer on the theft charge where petitioner would not serve time in prison. ECF No. 52 at 150, 172; ECF No. 53 at 10–12, 18. Instead, she recalled that only two plea offers were made by the prosecution—(1) the package offer that was made in July 2014, and (2) a separate offer of twenty-five years of imprisonment made just prior to petitioner's theft trial in November 2014. ECF No. 52 at 147–49. Ms. Pearson testified that she conveyed the package offer to petitioner shortly after it was received from Mr. Burdick, but that petitioner adamantly rejected the offer because he "could not fathom entering a plea of guilty" in either case. ECF No. 52 at 151, 154; ECF No. 53 at 11, 35. Although she did not record her plea discussions with petitioner, Ms. Pearson did, at the suggestion of her newly-appointed co-counsel, have petitioner's rejection of the twenty-five-year offer placed on the record by the court reporter prior to his theft trial. ECF No. 53 at 19–20); RX-10, ECF No. 44 at 77–82.

Based on the evidence and testimony presented at the hearing, the Court finds little support for petitioner's assertion that a standalone offer for ten years of deferred adjudication on the theft charge was made by the prosecution. The credible testimonies of Lucy Pearson, Todd Burdick, and Scott Monroe demonstrate instead that a "package offer" of five years of imprisonment on the UUMV charge and ten years of deferred adjudication on the theft charge was conveyed to petitioner sometime around July 2014 but that petitioner rejected the offer. Thus, after careful consideration, the Court concludes that petitioner has not shown Ms. Pearson's performance to be deficient under the first prong of *Strickland*.

*3. Lack of Prejudice*

Even if Petitioner could establish that Ms. Pearson performed deficiently by failing to convey the package offer to him, he still fails to demonstrate that the alleged error was

prejudicial to his defense. Again, to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When an IATC claim implicates an attorney's failure to convey a favorable plea offer that has since lapsed, prejudice is established once a petitioner demonstrates a reasonable probability that (1) he would have accepted the earlier plea offer, and (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it. *Frye*, 566 U.S. at 147.

Petitioner fails to demonstrate that he would have accepted the prosecution's package offer of five years of imprisonment on the UUMV charge and ten years of deferred adjudication on the theft charge. Again, the Court finds credible the testimony of Ms. Pearson regarding petitioner's adamant rejection of the offer because he "could not fathom entering a plea of guilty" in either the UUMV or theft case. ECF No. 52 at 151, 154; ECF No. 53 at 11, 35. Petitioner firmly believed he was innocent of both charges and stated he could not plead guilty to something "he didn't do." ECF No. 52 at 155–56, 162, 167–68; ECF No. 53 at 11–12, 15. Petitioner's letters to Ms. Pearson prior to his theft trial further corroborate his unwillingness to plead guilty or accept a prison sentence, particularly with regard to the UUMV charge. ECF No. 53 at 106–14; RX-3, ECF No. 44 at 58 ("I am going to fight these charges. I have nothing to lose. I'm too old to plea out for any more time . . . ."); RX-4, ECF No. 44 at 60 ("There's no evidence I stole anything from Ms. Valentino, and no evidence to support a charge of theft. . . . As for the issue with the car? The worst I would plea out to is joy-riding which should be misdemeanor time served.").

The record therefore belies petitioner's assertion that he was prejudiced by counsel's alleged failure to convey the package plea offer to him. As such, petitioner's IATC claim is

insubstantial and does not help him establish cause and prejudice under *Martinez* that would excuse his claim from being procedurally defaulted. Relief is denied.

## III. CERTIFICATE OF APPEALABILITY

The Court must now determine whether to issue a certificate of appealability ("COA"). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (citing *Slack*, 529 U.S. at 484). In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. CONCLUSION AND ORDER

The Court has thoroughly reviewed the extensive record and pleadings submitted by both parties in this case. After careful consideration, the Court concludes that the sole IATC claim raised by petitioner is procedurally barred from federal habeas review and that petitioner fails to establish cause to excuse the procedural bar pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Mark McCourt Lieber, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this the 15th day of February, 2022.

ROYCE C. LAMBERTH
SENIOR U.S. DISTRICT JUDGE